**UNITED STATES of America, Plaintiff,**

v.

**C & R TRUCKING COMPANY, Defendant.**

Civ. A. No. 81–0071–P(H).

United States District Court, N. D. West Virginia, Parkersburg Division.

April 28, 1982.

Betsy C. Steinfeld, Asst. U. S. Atty., Wheeling, W. Va., Carol E. Dinkins, Asst. Atty. Gen., Land and Natural Resources Div., U. S. Dept. of Justice, Washington, D. C., Diane L. Donley, Atty., Environmental Defense Section, Land and Resources Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Ronald W. Kasserman, Galbraith, Seibert, Kasserman, Farnsworth, Gillenwater & Glauser, Wheeling, W. Va., W. H. Ballard, II, Ballard & Brumfield, Welch, W. Va., for defendant.

**MEMORANDUM OPINION AND ORDER**

HADEN, District Judge.

The Government instituted this action on November 27, 1981, seeking to assess a civil penalty against the Defendant under the Clean Water Act[1] and to recover the costs which it incurred in removing a quantity of oil from a tributary of the Ohio River which was allegedly discharged from the Defendant's truck on or about February 19, 1977.[2] The Defendant moves this Court to dismiss this action for the reason that it is barred by the three year limitation on the commencement of an action by the Government to recover on a tort claim.[3] The parties have submitted memoranda and supplemental materials in support of their respective positions. For the reasons set out below, this Court hereby denies Defendant's motion to dismiss.

### I. Background

On or about February 19, 1977, one of the Defendant's tank trucks was involved in an automobile accident on West Virginia Route 2 in Tyler County, West Virginia. As a result of that accident, approximately 6,000 gallons of oil spilled from the Defendant's truck, 3,000 gallons of which allegedly entered into a tributary of the Ohio River.[4] After the Defendant allegedly refused to ratify a contract with a "clean-up" contractor, the U. S. Coast Guard arranged for the removal of the discharged oil from the aforementioned tributary and its shoreline, pursuant to 33 U.S.C. § 1321(c).[5] These clean-up activities continued until March 18, 1977.[6] On November 21, 1977, the Coast Guard assessed a Two Thousand ($2,000.00) Dollar penalty against the Defendant as a result of the aforementioned oil spill. Defendant has continued in its refusal to pay

---

1. 33 U.S.C. § 1321(b)(6)(B).

2. 33 U.S.C. § 1321(f)(2).

3. 28 U.S.C. § 2415(b).
   Defendant also moves this Court to dismiss this action for reason of insufficient service of process. Subsequent to the filing of Defendant's motion to dismiss, however, the Government perfected service upon the Defendant. *See* Exhibit A, attached to the government's memorandum in opposition to the Defendant's motion to dismiss, filed March 25, 1982. Ac-

cordingly, Defendant's motion to dismiss for reason of insufficient service of process has been rendered moot.

4. Complaint, ¶ 6.

5. Complaint, ¶ 9.

6. *See* Defendant's reply memorandum, at 1, filed March 30, 1982, and Plaintiff's memorandum in opposition, at 2, filed March 23, 1982.

this penalty, notwithstanding the fact that the Coast Guard affirmed the assessment on May 8, 1978.[7]

## II. *Statute of Limitations*

In the case at bar, there are two distinct causes of action. The first is to recover removal costs, pursuant to 33 U.S.C. § 1321(f)(2). The second is to assess a civil penalty, pursuant to 33 U.S.C. § 1321(b)(6)(B).

### A. *Removal costs.*

The Government's cause of action to recover removal costs against the Defendant under Section 311(f)(2) of the Clean Water Act accrued as of March 18, 1977.[8] Since the Clean Water Act does not contain a specific limitation on the commencement of an action by the Government to recover its removal costs, this Court must apply 28 U.S.C. § 2415, which provides in pertinent part:

"(a) Subject to the provisions of Section 2416 of this Title . . . and except as otherwise provided by Congress, every action for money damages brought by the United States or any officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues

. . . .

(b) Subject to the provisions of Section 2416 of this Title . . . and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues . . . ."

The Defendant argues that the Defendant's cause of action to recover its removal costs under Section 311(f)(2) of the Clean Water Act is a statutorily created nuisance action which sounds in tort. The Government, on the other hand, argues that its cause of action under Section 311(f)(2) sounds in quasi-contract and that 28 U.S.C. § 2415(a) is the applicable statute of limitations.[9] This Court has only been able to find one unreported district court decision which has addressed this issue.[10]

In *U. S. v. Poughkeepsie Housing Authority, et al.* C.A.No. 80–1998, Slip Op. at 8–9 (S.D.N.Y., Oct. 16, 1981), the court held that the six year limitation contained in 28 U.S.C. § 2514(a) was applicable to an action brought by the Government to recover its removal costs under Section 311(f)(2) of the Clean Water Act. In reaching this conclusion, the *Poughkeepsie Housing Authority* court reasoned that:

"When one party receives some benefit either in goods or services, but does not compensate the party who has conferred the benefit, courts have allowed the uncompensated party to assert a quantum meruit or quasi-contractual claim for the value of the benefits conferred. *See S. S. Silberlatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 37 (2d Cir. 1979); *Gulf Oil Trading Co. v. Creole Supply*, 596 F.2d 515, 520 (2nd Cir. 1979); *United States v. Lims*, 524 F.2d 799, 801 (9th Cir. 1975);

---

7. Complaint, ¶¶ 15 and 16.

8. *See U. S. v. Barge Shamrock*, 635 F.2d 1108, 1111 (4th Cir. 1980) (holding that the Government's cause of action to recover removal costs under Section 311(f)(2) does not accrue until completion of the oil removal operations).

9. "The legislative history of Section 2415(a) 'clearly shows that, in addition to the consensual obligations of express or implied contract, nonconsensual quasi-contractual obligations were to be subject to the six-year limitation period.' " *U. S. v. Poughkeepsie Housing Authority, et al.*, C.A.No. 80 1998, Slip Op. at 14, n. 11 (S.D.

N.Y., Oct. 16, 1981), *citing U. S. v. Limbs*, 524 F.2d 799, 802 (9th Cir. 1975); *U. S. v. Neidorf*, 522 F.2d 916, 919 (9th Cir. 1975) *cert. denied* 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976).

10. In *U. S. v. Barge Shamrock, supra*, the Fourth Circuit found in that instance that the Government's Section 311(f)(2) cause of action accrued less than three years before suit was commenced. As a result, the court did not have to determine whether the Government's cause of action sounded in tort or quasi-contract.

*Banco Nacional De Cuba v. Chase Manhattan Bank*, 505 F.Supp. 412, 445 (S.D.N.Y.1980). Such a quasi-contractual obligation is created in order to do justice to the parties, 'without any expression of dissent.' *U. S. v. Neidorf*, 522 F.2d 916, 919 (9th Cir. 1979) *cert. denied* 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976) (quoting 1A Corbin, *Contracts* § 19 (1963).

In the instant action, although the oil spill could be considered a tort, *see U. S. v. Bear Marine Services, supra*, 509 F.Supp. [710] at 718, Comment *Oil Pollution of the Sea*, 10 Harv.Int'l.L.J. 316, 348 (1969), the government is not seeking compensatory damages suffered as a result thereof, but rather restitution for the money it expended on behalf of the defendants to remove the discharge. Defendants have received the benefits of prompt governmental action on their behalf and should therefore make restitution to the government for its efforts. Accordingly, the government's suit to recover the value of the benefits conferred must be characterized as quasi-contractual. *See U. S. v. Palm Beach Gardens, supra*, 635 F.2d [337] at 341; 3 *Benedict on Admiralty* 9–16 (7th Ed., I. Hall, A. Sann & K. Halajian 1980). Moreover, in determining the appropriate statute of limitations, the court adheres to the principal [sic] that the FWPCA should be liberally construed to accomplish its purposes, *see U. S. v. Redwood City, supra*, 640 F.2d [963] at 968, one of which is to make the polluters rather than the public pay the cost of oil spill clean-ups, *see U. S. v. Coastal States Gathering Co., supra*, 643 F.2d [1125] at 1128; *U. S. v. Marathon Pipeline Co., supra*, 589 F.2d [1305] at 1309. The court believes that if the government is to be given only one chance to recover the money it spends in pollution clean-ups, then the longest statute of limitations possible, given the nature of the suit, should apply."

■ This Court hereby adopts the *Poughkeepsie Housing Authority* court's rationale as its own and holds that 28 U.S.C. § 2415(a) is the applicable statute of limitations in an action brought under Section 311(f)(2) of the Clean Water Act. In the case at bar, therefore, this Court finds that the Government's cause of action is not barred by the applicable six year statute of limitations.

**B.** *Civil penalty.*

■ The penalty prescribed by Section 311(b)(6) of the Clean Water Act, 33 U.S.C. § 1321(b)(6), is civil rather than penal. *See U. S. v. Eureka Pipeline Co.*, 401 F.Supp. 934 (N.D.W.Va.1975). Since the Clean Water Act does not contain a specific limitation on the commencement of an action to assess a civil penalty, this Court must resort to 28 U.S.C. § 2462, which provides:

"Except as otherwise provided by act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon."

In the case at bar, the oil spill is alleged to have occurred on or about February 19, 1977. The Government instituted this action on November 27, 1981, within the five years prescribed by 28 U.S.C. § 2462. This Court finds, therefore, that the Government is not barred from bringing this action to assess a civil penalty against the Defendant.

Accordingly, this Court hereby denies Defendant's motion to dismiss.