UNITED STATES of America, Plaintiff,

v.

P/B STCO 213, et al., Defendants.

Civ. A. No. G–82–464.

United States District Court,
S.D. Texas,
Galveston Division.

Aug. 25, 1983.

Jack Shepard, Asst. U.S. Atty., Houston, Tex., Larry S. Craig, Torts Branch, Civ. Div., U.S. Dept., of Justice, Washington, D.C., for plaintiff.

Kent Westmoreland, Ross, Griggs & Harrison, Houston, Tex., for defendants.

ORDER

HUGH GIBSON, District Judge.

BEFORE THE COURT is the defendants' motion for summary judgment. The defendants claim that the government's cause of action under the Federal Water Pollution Control Act (FWPCA), 33 U.S.C. § 1321(f)(1), is barred by a three-year statute of limitations, 28 U.S.C. § 2415(b). Having considered the motion and its response, the applicable law, and all relevant documents, the Court finds the motion is proper and grants it.

This case arises out of the collision of a barge, P/B STCO 213, towed by the M/V ATLAS and the M/V PAT and her tow on October 31, 1977. As a result of the collision, 42,000 gallons of fuel oil were discharged into Galveston Bay. Cleanup efforts by the government were completed by November 30, 1977. This lawsuit was filed on October 29, 1982, just short of five years after the cleanup was completed. Pursuant to § 1321(f)(1), the government seeks to recover its cleanup costs of $197,758.41 from the defendants—the barge, its owner and operator, and their insurance company—who argue that the claim is time barred. In addition, the government seeks to recover civil penalties of $5,000 which were assessed by the United States Coast Guard, subsequent to the cleanup efforts, pursuant to 33 U.S.C. § 1321(b)(6). Defendants do not argue that this claim is barred by § 2415(b).

Section 2415 is an exception to the general rule that the sovereign is not subject to statutes of limitations. *See Guaranty Trust Co. v. United States,* 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224 (1938). Under § 2415(a), the United States must bring an action "founded upon any contract express or implied in law or fact" within six years after the right of action accrues. Under § 2415(b), the government must bring any action "founded upon a tort" within three years after the right of action first accrues. The FWPCA does not contain a statute of limitations. Thus, there are two questions presented. First, does § 2415 apply to this

action. If it does apply, which subparagraph is applicable.

The government argues that no statute of limitations applies to this claim. *See United States v. City of Palm Beach Gardens,* 635 F.2d 337 (5th Cir.1981). No limitations period having been set out in the FWPCA, the government may bring this claim for cleanup costs at any time unless the Court determines that the Congress "intended one of its independent, general statutes of limitations to apply" to this action. *Id.* at 340. Thus, the controlling question is whether either paragraph of § 2415 applies to this action.

This claim is not an action founded upon a contract whether express or implied in fact or law. As the government's brief points out, the cleanup actions of the government are done for the benefit of the public, not for the polluter. Therefore, this Court does not construe this action as one for restitution. It does not appear to be an action in quasi-contract for unjust enrichment. *But see United States v. C & R Trucking Co.,* 537 F.Supp. 1080, 1083 (N.D. W.Va.1982).

If this action falls under any subparagraph of § 2415, this Court must construe it as one founded on a tort and thus subject to § 2415(b), or not subject to any limitations at all. The government argues that this action is not founded on a tort, but is founded on the United States government police powers as conferred by the Constitution under the commerce clause. This Court disagrees, however. Instead, the Court follows the reasoning of the Seventh Circuit in *United States v. Central Soya, Inc.,* 697 F.2d 165, 167–69 (7th Cir.1982). In that case, the appellate court held that the government's action for damages caused by a vessel to a wharf, pier, jetty, or the like, pursuant to the Rivers and Harbors Act, 33 U.S.C. § 412, was subject to the statute of limitations in § 2415(b). The court rejected the same argument posed here by the government, stating that "the Rivers and Harbors Act as enacted pursuant to the commerce clause does not alter the fact that the government's case essentially con-

cerns a maritime tort ... for which it now seeks money damages." *Id.* at 169. Section 412 and § 1321 are similar in that they are both strict liability acts, although not absolute liability acts. As the court found in *Central Soya,* this Court finds that the action under § 1321(f) is an action " 'based on damage or injuries from a *wrongful* or negligent act.' " *Id.* (citation omitted). Thus, the action under § 1321(f) is likewise subject to the statute of limitations under § 2415(b). *See United States v. Barge SHAMROCK,* 1980 A.M.C.1921 (D.Md.1979), *aff'd on other grounds,* 635 F.2d 1108 (4th Cir.1980), *cert. denied,* 454 U.S. 830, 102 S.Ct. 125, 70 L.Ed.2d 107 (1981).

This action is brought nearly two years after the three-year limitations of § 2415(b) and, thus, is barred by that statute of limitations.

Accordingly, it is ORDERED, ADJUDGED and DECREED that defendants' motion for summary judgment is GRANTED; the cause of action under 33 U.S.C. § 1321(f)(1) is BARRED by the statute of limitations under 28 U.S.C. § 2415(b); however, the action under § 1321(b)(6) is not affected by the Court's granting of this motion.