UNITED STATES of America,
Plaintiff-Appellant,

v.

DAE RIM FISHERY COMPANY, LTD.,
and Britannia Steamship Insurance Association, Ltd., in personam, Defendants-Appellees.

No. 85–3524.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 1985.

Decided July 18, 1986.

Philip A. Berns, Peter K. Mitchell, Dept. of Justice, Civ.Div., Torts Branch, West Coast Office, San Francisco, Cal., Richard Willard, Asst. Atty. Gen., Civ.Div., Washington, D.C., Michael R. Spaan, U.S. Atty., Anchorage, Alaska, for plaintiff-appellant.

Ann K. Stokes, Michael H. Woodell, Bradbury, Bliss & Riordan, Inc., Anchorage, Alaska, for defendants-appellee.

Before WRIGHT and REINHARDT, Circuit Judges, and STRAND,[*] District Judge.

REINHARDT, Circuit Judge:

The United States filed a complaint for recovery of oil pollution removal costs pursuant to the Federal Water Pollution Control Act.[1] On summary judgment, the dis-

---

[*] The Honorable Roger Strand, United States District Judge, District of Arizona, sitting by designation.

[1]. The complaint also included claims for costs under the Rivers and Harbors Act (Wreck Removal Act), 33 U.S.C. § 409 (1982), a claim based on "sovereignty," and common law claims for negligence and public nuisance. In oral argument, the government advised us that the FWPCA constituted the principal basis for the action, and indicated that it would not pursue its other claims. We therefore limit our discussion to the FWPCA claim. We note, however, that we have previously held in a case involving

trict court held the government's suit barred for failure to file within the three-year statute of limitations prescribed for government tort claims. We reverse and hold that cost recovery actions under the Act are governed by the six-year statute of limitations for government contract claims, and, alternatively, that the government's suit was timely filed even for purposes of a three-year statute of limitations.

BACKGROUND

On February 28, 1981 a fire broke out on the Dae Rim, a vessel owned by the respondent Dae Rim Fishery Co., Ltd. (Dae Rim Co.). At the time, the vessel was at sea off Attu Island, Alaska, the westernmost Aleutian Island. Nearby Soviet vessels undertook to assist the crew, but ultimately the ship was abandoned with heavy loss of life. A Soviet vessel towed the Dae Rim, moving her within ten miles of Attu. The United States Navy began surveillance of the vessel the following day and continued through about March 4, 1981, when naval personnel observed that the vessel was aground and leaking oil into the sea.

The Coast Guard assumed responsibility for pollution control on or about March 8, 1981, pursuant to the Federal Water Pollution Control Act (FWPCA), 33 U.S.C. § 1321(c) (1982). Coast Guardsmen proceeded to release the fuel oil remaining on the vessel and engage in the appropriate clean-up operation. Dae Rim Co. did not participate in the clean-up, nor did it reimburse the government for any of the $420,-849.11 in costs incurred. The Coast Guard completed its pollution control activities and released all personnel from performing duties relating to the Dae Rim incident on or about March 20, 1981. The government received bills for the clean-up through November 9, 1981.

The government attempted to file suit against Dae Rim Co. for reimbursement of its costs under the FWPCA, 33 U.S.C. § 1321(f)(1) (1982), on March 16, 1984, when it delivered its complaint to the court clerk. The complaint was accompanied by

a summons as required by Local Rule 6 of the United States District Court for the District of Alaska. The clerk refused to date-stamp the complaint because the summons designated for service the agents of the named defendants rather than the defendants themselves. The government corrected the summons and returned it to the clerk along with the complaint on March 21, 1984. The clerk then accepted and date-stamped the complaint.

Dae Rim Co. filed a motion to dismiss and, in the alternative, a motion for summary judgment, alleging that the government's claim was time-barred by the three-year statute of limitations for tort actions set forth in 28 U.S.C. § 2415(b) (Supp. II 1984). The government responded that it was not bound by any statute of limitations because the FWPCA is silent on this issue, but that, if any statute of limitations were applicable to FWPCA actions, it was the six-year statute for contract actions, 28 U.S.C. § 2415(a) (Supp. II 1984). Alternatively, the government argued that even if it were bound by the three-year statute of limitations for tort claims, its complaint was timely because it was constructively filed with the court on or about March 16, 1984, less than three years from the date of the completion of clean-up operations, March 20, 1981.

The district court granted Dae Rim Co.'s motion for summary judgment, holding that the three-year tort statute of limitations applied to the cost-recovery action and that the action was time-barred because the government had not filed within three years from the date it discovered the spill.

We review the grant of summary judgment *de novo*. *Lojek v. Thomas,* 716 F.2d 675, 677 (9th Cir.1983).

DISCUSSION

A. *The Government's Action To Recover Oil Pollution Costs Is Subject To 28 U.S.C. § 2415.*

The Federal Water Pollution Control Act, 33 U.S.C. § 1321, imposes a duty on owners

a government FWPCA-based third party claim, that the FWPCA is not the government's exclusive remedy, and that it may assert common law

and other statutory claims as well. *See United States v. Redwood City,* 640 F.2d 963, 969–70 (9th Cir.1981).

or operators of vessels that spill oil or hazardous substances to clean up their discharge; only if the owner or operator defaults in that duty will the government undertake that function. *See* 33 U.S.C. § 1321(c)(1); *United States v. Barge Shamrock*, 635 F.2d 1108, 1110 (4th Cir. 1980). Under section 1321(f)(1), the government may recover its clean-up costs from the owner or operator up to a specified dollar limit under a theory of strict liability, and may recover its total costs if it can prove willful negligence "within the privity and knowledge of the owner." *See Matter of Oswego Barge Corp.*, 664 F.2d 327, 333 (2d Cir.1981).

■ Although the FWPCA contains no express limitations period for section 1321(f)(1) cost-recovery actions, Congress has enacted a general statute of limitations applicable to "every action for money damages brought by the United States ... which is founded upon any contract express or implied in law or fact, ... [or] upon a tort." 28 U.S.C. § 2415(a)&(b). Contract actions must be brought within six years after the date of accrual; tort actions within three years. *Id.* We have previously held that "whenever the United States sues for damages, the substance of the claims must be characterized for purposes of section 2415 as sounding in either tort, contract or quasi-contract." *United States v. Limbs*, 524 F.2d 799, 801 (9th Cir.1975) (quoting *United States v. Neidorf*, 522 F.2d 916, 919 (9th Cir.1975)). Because a FWPCA section 1321(f)(1) action is a suit for damages, we hold, consistently with every court that has considered the issue, that section 1321(f)(1) actions are governed by 28 U.S.C. § 2415. *See United States v. P/B STCO 213, ON 527 979*, 756 F.2d 364, 368 n. 3 (5th Cir.1985) (and cases cited therein).

B. *The Six-Year Statute of Limitation Period of 28 U.S.C. § 2415(a) Applies to FWPCA Actions.*

In finding that FWPCA cost-recovery actions are subject to the three-year tort statute of limitations, the district court fol-

lowed *United States v. P/B STCO 213*, 569 F.Supp. 743 (S.D.Tex.1983). After the district court's decision, the Fifth Circuit overruled *P/B STCO 213*, holding that a FWPCA claim sounds in quasi-contract and is therefore governed by the six-year statute of limitations of 28 U.S.C. § 2415(a). *United States v. P/B STCO, ON 527 979*, 756 F.2d 364 (5th Cir.1985).

■ We find the Fifth Circuit's reasoning in *P/B STCO 213* persuasive and follow that decision in concluding that FWPCA claims are quasi-contractual for purposes of 28 U.S.C. § 2415(a) and are governed by the six-year limitations period. For a more detailed exposition of the argument presented below, see *P/B STCO 213*, 756 F.2d 364.

Courts impose a quasi-contractual remedy of restitution in order to avoid the unjust enrichment of one party at another party's expense. *See Limbs*, 524 F.2d at 801 (a quasi-contractual right of recovery is " 'enforced ... by compelling the obligor to restore the value of that by which he was unjustly enriched.' ") (quoting Corbin, *Quasi-Contractual Obligations*, 21 *Yale L.J.* 533, 550 (1912) ). The Restatement of Restitution § 115 (1937) embodies the principle of quasi-contract:

A person who has performed the duty of another by supplying things or services, although acting without the other's knowledge or consent, is entitled to restitution from the other if

(a) he acted unofficiously and with intent to charge therefor, and

(b) the things and services supplied were immediately necessary to satisfy the requirements of public decency, health, or safety.

*P/B STCO 213*, 756 F.2d at 372.

A FWPCA section 1321(f)(1) cost-recovery action fits squarely within the analysis set forth in the Restatement. *P/B STCO 213*, 756 F.2d at 374. Under section 1321(c), the polluter has the primary duty to remove an oil spill. *P/B STCO 213*, 756 F.2d at 369; *Barge Shamrock*, 635 F.2d at 1110. When the polluter fails to perform

that duty and the government undertakes to clean up the spill, the government does so with a clear intent to charge therefor under section 1321(f). In cleaning up the spill, the government preserves the public health and welfare in fulfillment of its statutory mandate; it acts unofficiously. *P/B STCO 213*, 756 F.2d at 374. FWPCA therefore imposes a quasi-contractual duty on the polluter to reimburse the government for the actual costs of clean-up.

Since quasi-contracts are "implied in law" contracts under 28 U.S.C. § 2415(a), *Neidorf*, 522 F.2d at 919; *Limbs*, 524 F.2d at 802, a FWPCA cost-recovery action is governed by that section's six-year limitations period. The government's action was timely filed.

C. *The Government's Action Was Timely Filed Under The Three-Year Statute of Limitation.*

■ Alternatively, even were FWPCA cost-recovery actions governed by the three-year tort statute of limitations of section 2415(b), the government's action would have been timely, since the cause of action accrued on March 20, 1981 and the government constructively filed its complaint on March 16, 1984.

1. The accrual date of the action is the date the clean-up work was completed

We agree with the Fourth Circuit in *United States v. Barge Shamrock*, 635 F.2d at 1110–11, that the cause of action for recouping expenses under the FWPCA does not accrue until the government completes its clean-up operations. Under 28 U.S.C. § 2416(c), the limitations period of section 2415 does not begin to run until the "facts material to the right of action" are known to the government. In a suit for recovery of clean-up costs, the material facts are not known until the government actually cleans up the discharge. *See Barge Shamrock*, 635 F.2d at 1110–11.

Accordingly, the government's cause of action accrued on March 20, 1981, when it completed its clean-up of the spill.

2. The complaint is "filed" when it is placed in the actual or constructive possession of the clerk

The complaint was constructively filed when the government first delivered it to the clerk on March 16, 1984. *See Leggett v. Strickland*, 640 F.2d 774, 776 (5th Cir. 1981) (complaint is filed when it is in the actual or constructive possession of clerk) (cited with approval in *Loya v. Desert Sands Unified School District*, 721 F.2d 279, 281 (9th Cir.1983)). We have previously held that a complaint is filed when it is placed in the actual or constructive custody of the clerk, despite any subsequent rejection by him of the pleading for noncompliance with a provision of the local rules. *Loya*, 721 F.2d at 281. We reasoned in *Loya* that to elevate a local rule (in that instance one designed to facilitate the court's record-keeping) to the status of a jurisdictional requirement would conflict with the mandate of Federal Rule of Civil Procedure 1 to provide a just and speedy determination of every action. *Id.* at 280–81. We see no cause to retreat from that rationale here. *Loya* governs the present case.[2]

## CONCLUSION

FWPCA cost-recovery actions under 33 U.S.C. § 1321(f)(1) are governed by the six-year statute of limitations of 28 U.S.C. § 2415(a). The government's suit against Dae Rim was therefore timely filed. The government's right of action under 33 U.S.C. § 1321(f)(1) does not accrue until the clean-up is completed. Since delivery of the complaint to the clerk constitutes constructive filing, notwithstanding a violation of the local rules, the government's suit was timely even under the three-year limitations period of 28 U.S.C. § 2415(b). The grant of summary judgment is reversed

---

**2.** The requirement that a plaintiff file a summons simultaneously with a complaint is based on a local, not a federal, rule. *See* Fed.R.Civ.P. 3 & 4(a) (1982). The complaint itself complied

with both local and federal rules as originally submitted; only the summons was allegedly not in the correct form.

and the case remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.