IN THE DISTRICT COURT FOR THE
NORTHERN MARIANA ISLAN

APPELLATE DIVISION

COMMONWEALTH OF THE NORTHERN )        DCA NO. 87-9007
MARIANA ISLANDS,              )        CTC NO. 84-04
                              )
         Plaintiff-Appellee,  )
                             .)        DECISION
    vs.                       )
                              )
BOK SUN PARK,                 )
                              )
         Defendant-Appellant. )
_____)

THIS MATTER came before the Court on May 15, 1987, for hearing of appellee's motion to dismiss for failure to cause timely transmission of the docketed appeal.

No testimony was taken but the following unchallenge representations were made to the Court:

Defendant was convicted of a misdemeanor in the Commonwealth Trial Court and sentenced on February 13, 1987. A notice of appeal was timely filed on March 9, 1987, and a transcript was timely ordered on March 19, 1987. Payment for the transcript was not tendered until May 8, 1987, along with an ex parte oral request for an extension of time in which to transmit the record. This request was denied.

Rule 23 of the Commonwealth Trial Court Rules of Practice states:

> (a) Except as otherwise provided by law, the clerk and other officers of the court shall not be required to perform any

AO 72
(Rev.8/82)

1177

the Trial Court stated:

> Although appellant requested the court to extend time, the court: (1) did not have time to consider the request until this morning; and (2) declines to extend time, and (3) now more than 60 days has elapsed and there is no authority for the court to extend time

Under Rule 4(c) of the Appellate Division Rules, only the filing of the notice of appeal is deemed jurisdictional. All other violations of the rules subject the offending party to sanctions, up to and including dismissal.

This Court believes it must, by analogy, follow the reasoning of Cintron v. Union Pacific Railroad Co., No. 86-5695 (9th Cir. March 30, 1987). See also Loya v. Desert Sands Unified School District, 721 F.2d 279 (9th Cir. 1983); United States v. Dae Rim Fishery Co., 794 F.2d 1392 (9th Cir. 1986). Cintron states that a local rule designed for the convenience of the court should not be elevated to the status of a jurisdictional requirement. In the instant case, by refusing to consider other, less onerous sanctions, the Trial Court has succeeded in so elevating the requirement of local Appellate Rule 7(a). On the record presented, the denial of an extension effectively dismissed the appeal. This seems too great a sanction in light of this transgression of the rules. Therefore, appellant is hereby granted an extension of time to transmit the record. Appellant shall pay the full estimated cost of the transcript within two days of the date of this order. The transcript shall be prepared as soon as practical.

1178

service for a party other than the Government of the Northern Mariana Islands for which a fee is lawfully prescribed, unless the amount of the fee, if it is known, or an amount sufficient to cover the fee reasonably expected by the officer to become due for performance of the service has been deposited with the court.

(b) This provision shall not apply to a party who is proceeding in forma pauperis.

Rule 6(b) of the Rules of Procedure for the Appellate Division of this Court requires that at the time the transcript is ordered the appellant "must make satisfactory arrangements with the reporter for payment of the costs for the transcript." There is nothing before this Court to indicate what, if any, arrangements were made regarding such payment.

Rule 7 of the Rules of Procedure for the Appellate Division requires that the record on appeal, including any transcripts, be transmitted by the Clerk of the Trial Court to the Clerk of the Appellate Division within sixty days after the filing of the notice of appeal unless, under 7(c), the Trial Court has extended the time. The same rule authorizes this Court to extend the time to transmit the record.

Clearly, appellant's presentation of full payment on the sixtieth day rendered impossible the fulfillment of the requirement that the Clerk of the Trial Court transmit the record on appeal within sixty days of the date of the filing of the notice of appeal.

In denying the oral request for an extension of time,

The Court has further considered appellant's disregard or misreading of the local rules and the fact of the ex parte contact. Appellant is hereby sanctioned $200, payable to the Clerk of this Court within five days of the date of this order.

IT IS SO ORDERED.

DATED this 21ST day May, 1987.

Alfred Laureta
Judge