**Alejandro ORDONEZ, Plaintiff–Appellant,**

v.

**Jeffrey JOHNSON; Julien A. Adams; George Q. Fong, SA FBI; Odulio Torres; Rhonda M. Glover, SA FBI; Osvaldo De Jesus, SA; Robert Gougler, Defendants–Appellees.**

No. 00–55700.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001[1]

Filed June 13, 2001

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alejandro Ordonez, Pro Se, Coleman, Florida, plaintiff-appellant.

Robert I. Lester, Assistant United States Attorney, Los Angeles, California, for the defendants-appellees.

Before: PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

PER CURIAM:

The district court dismissed with prejudice federal prisoner Alejandro Ordonez's civil rights action for failure to timely file an amended complaint. Although the district court received Ordonez's complaint within the filing deadline, the district court rejected and returned the complaint because it did not comply with the Central District of California Local Civil Rule 3.5.1. Ordonez appealed. We vacate and remand.

## BACKGROUND

Federal prisoner Alejandro Ordonez filed a pro se complaint against various Assistant United States Attorneys and Federal Bureau of Investigation Agents, alleging civil rights claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). On February 8, 2000, the district court granted Defendant Johnson's motion to dismiss and sua sponte dismissed the complaint without prejudice as to the other defendants, holding that Ordonez failed to comply with Fed.R.Civ.P. 8(a)(2). The district court allowed Ordonez until March 7, 2000, to file an amended complaint.

On March 2, 2000, the clerk of the court received Ordonez's first amended complaint, five days before the March 7, 2000, deadline. There is no suggestion that it was not in proper form for filing. Ordonez, however, failed to comply with the Central District of California Local Civil Rule 3.5.1, which requires that the plaintiff provide an extra copy of all documents for use by the judge. The district court notified Ordonez of this deficiency and returned his first amended complaint. But, this notice was not filed and sent to Ordonez until March 23, 2000, sixteen days after the deadline.

On March 27, 2000, the district court entered an order dismissing Ordonez's action with prejudice because he failed to file an amended complaint by the March 7, 2000, deadline. This order notwithstanding, Ordonez attempted to file his first amended complaint again; this time complying with the local rule. The district court received this complaint on April 3, 2000, and rejected it as untimely because the case had been terminated. This appeal followed.

## JURISDICTION AND STANDARD OF REVIEW

■ The district court had jurisdiction over Ordonez's action pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to dismiss an action for failure to file an amended com-

plaint in a timely manner for an abuse of discretion. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir.1987).

## DISCUSSION

■ We conclude that the district court abused its discretion because Ordonez constructively filed his first amended complaint on March 2, 2000, five days before the deadline. "We have previously held that a complaint is filed when it is placed in the actual or constructive custody of the clerk [of the court], despite any subsequent rejection by [the clerk] of the pleading for non-compliance with a provision of the local rules." *United States v. Dae Rim Fishery Co., Ltd.*, 794 F.2d 1392, 1395 (9th Cir.1986) (citing *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 281 (9th Cir.1983)); *see also Smith v. Frank*, 923 F.2d 139, 142 (9th Cir.1991) (document that was rejected because it was overly long was timely filed); *Cintron v. Union Pac. R.R. Co.*, 813 F.2d 917, 920–21 (9th Cir.1987). In *Dae Rim*, the United States delivered its complaint to the court clerk four days before the expiration of the statute of limitations. 794 F.2d at 1393. The clerk refused to date-stamp the complaint because the summons designated the wrong individuals in violation of a local rule. *Id.* By the time the correction was made and the complaint re-delivered, the three-year statute of limitations had expired. *Id.* We determined that *Loya* governed the case, reasoning that "to elevate a local rule ... to the status of a jurisdictional requirement would conflict with the mandate of Federal Rule of Civil Procedure 1 to provide a just and speedy determination of every action." *Id.* at 1395. Accordingly, we held that the complaint was constructively filed on the first date of delivery to the court clerk. *Id.*

Similarly, in *Cintron*, counsel delivered the complaint to the district court within the statute of limitations, but the court rejected the complaint because it did not comply with either the local rules or the filing fee statute—28 U.S.C. § 1914. 813 F.2d at 919. Specifically, the complaint was not two-hole punched, did not include a civil cover sheet copy, and counsel had overpaid the filing fee. *Id.* By the time counsel received notice of the deficiencies, the statute of limitations had passed. *Id.* Relying on *Dae Rim* and *Loya*, we held that the complaint was constructively filed on the date it was delivered to the clerk of court, despite its non-compliance with local rules and the statute. *Id.* at 920–21.

We find these cases particularly applicable here where a pro se prisoner delivered his amended complaint to the district court before the filing deadline, and the district court rejected the complaint solely for non-compliance with a local rule. Therefore, we conclude that Ordonez's amended complaint was constructively filed on March 2, 2000, five days before the deadline expired, and that the district court abused its discretion when it dismissed his action for failure to timely file an amended complaint.

We will not consider the remaining contentions raised by Ordonez or appellees because they were not passed upon by the district court. *See Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir.1995).

Therefore, we vacate the district court's order dated March 27, 2000, and remand. The district court shall give Ordonez a reasonable opportunity to file his first amended complaint. Should he take that opportunity and re-file his amended complaint within the time specified by the district court, that complaint shall be deemed filed as of March 2, 2000.

**VACATED and REMANDED for further proceedings consistent with this opinion.**