**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERNON DAVE WELCH, | No. 07-16449 |
| Plaintiff - Appellant, | D.C. No. CV-04-05158-WHA |
| v. | |
| PAUL HENRY, individually and as Lieutenant Investigative Unit in the Police Department of the City of Santa Rosa; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Vernon Dave Welch, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to file

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

an amended complaint. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Ordonez v. Johnson*, 254 F.3d 814, 815-16 (9th Cir. 2001) (per curiam), and we vacate and remand.

The district court dismissed Welch's action for failure to amend his complaint after the court dismissed his complaint with leave to amend. However, Welch filed an amended complaint that the district court "deemed timely." Dist. Ct. Dkt. 13. Therefore, the district court's dismissal of Welch's action on this basis was improper. *See Ordonez*, 254 F.3d at 816 (district court abused its discretion by dismissing pro se prisoner's action for failure to file a timely amended complaint because the prisoner constructively filed an amended complaint before the filing deadline).

Moreover, contrary to its dismissal order, the district court's judgment states that the court dismissed Welch's complaint for failure state a claim. However, there is no indication in the record that the district court analyzed Welch's second amended complaint or gave Welch sufficient notice of the complaint's deficiencies. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Accordingly, we vacate the judgment and remand for further proceedings.

Welch shall bear his own costs on appeal.

**VACATED and REMANDED.**