N.R. SMITH, Circuit Judge,
dissenting on jurisdiction and the timeliness of the-appeal.[1]

The Plaintiffs failed to file their notice of appeal within thirty days of the judgment, thus we have no jurisdiction or authority over this appeal. In order to overcome this barrier; the majority concludes that a “lodged” document has “filed” status, allowing the Plaintiffs more time to file the notice of appeal. There is no support for that position. We have no authority to hear this case.
The district court entered summary judgment on April 23, 2014. From that date, the- Demarees’ time to either file a notice of appeal (30 days), Fed. R. App. P. 4(a)(1)(A), or a Rule 59 motion (28 days), Fed. R. Civ. P. 59(e), began to run.
First, because a notice of appeal was not filed by May 23, 2014 (it was actually filed on June 23, 2014), this court does not have jurisdiction. 28 U.S.C; § 2107(a). “[T]he taking of an appeal within the prescribed time is ‘mandatory and jurisdictional.’” Bowles v. Russell, 551 U.S. 205, 209, 127 S.Ct; 2360, 168 L.Ed.2d 96 (2007) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam)). There is no dispute the Demarees did not file a timely notice of appeal.
Second, because the Rule 59 motion was not filed by May 21, 2014, there is no tolling of the time to file a notice of appeal under Rule 4(a)(4)(A), Instead, the Demar-ees filed a motion to seal on May 21, 2014 and lodged their Rule 59 motion the same day, allowing themselves the option not to file it in the future. Beyond the exceptions contained in Appellate Rule 4 (in this case the filing of a Rule 59 motion), “[w]e do not haye authority ... to create additional exceptions based on our own sense of what is equitable or fair.” Melendres v. Maricopa Cty., 815 F.3d 645, 649 (9th Cir. 2016). Our court is, quite simply, not “at liberty to overlook a defect with the notice of appeal[,] no matter how compelling an appellant’s argument may be.” Id. “If properly. invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited.” Hamer, 138 S.Ct. at 17 (emphasis added).[2] Therefore, neither *1087 the fact that it may be a sympathetic situation, nor the fact that the district court addressed the merits of a lodged motion, are exceptions we can invoke to create authority to hear a case where there is none. The notice of appeal was not filed on time because the underlying Rulé 59 motion was never actually filed with the district court.
The majority errs in its effort to remedy the situation, because there is a fundamental difference between a “filed” document and a “lodged” document; a “lodged” document is not before the court for consideration. “A document not suitable for filing will normally be stamped ‘lodged’ and placed in the court file but not included in the record on appeal.” File, Black’s Law Dictionary (10th ed. 2014). As such, authority over this appeal is precluded by operation of law.
We have previously addressed whether “lodged” filings are before the court arid considered “filed” for purposes of litigation. The short answer is no. In Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116 (9th Cir. 2009), the plaintiff had moved to file a sur-reply (which had a crucial employee handbook as an exhibit) with the district court. Id. at 1127 n.5. The sur-reply was considered “lodged” while the district court considered the motion to file the sur-reply. Id. Ultimately the district court denied the motion to file the sur-reply and, on appeal, we held that a merely “lodged” document is not part of the record for appeal. Id.; see also Barcamerica Int’l USA Trust v. Tyfield Importers, Inc., 289 F.3d 589, 595 (9th Cir. 2002) (holding that while arguments that lodged documents were before the court were “interesting,” they were nonetheless merit-less because a lodged document was not filed); Levald, Inc. v. City of Palm Desert, 998 F.2d-680, 684 n.1 (9th Cir. 1993) (holding an amended complaint was not part of the record on appeal because it was “lodged with, but not accepted for filing by, the district court”). These cases are on point and explicitly resolve whether a “lodged” document is considered “filed.” ’[3] The Demarees did not “file” the motion for reconsideration. It was lodged while awaiting a ruling on the motion to file under seal. After denial, the motion was considered to never have been filed, and,, thus, it did not toll the time to file a notice of appeal per Appellate Rule 4(a)(4)(A).
The cases, cited by the Majority, also reflect this understanding. Those cases each demonstrate that a plaintiff (affirmatively seeking to actually publicly file a document) is not barred from filing due to either technical difficulties or a filing fee waiver request. In Klemm v. Astrue, 543 F.3d 1139 (9th Cir. 2008), and Ordonez v. Johnson, 254 F.3d 814 (9th Cir. 2001), the plaintiffs sought to file the complaint or administrative appeal, but were barred by technical rules regarding how to file. Klemm, 543 F.3d at 1143 (“Thus, a notice of appeal is filed when it is received by the clerk, notwithstanding deficiencies in form that violate local rules.” (emphasis added)); Ordonez, 254 F.3d at 816 (holding that paper filing, instead of electronic filing per the local rule, meant the complaint was “constructively filed”). Similarly, the plaintiff in Escobedo v. Applebees, 787 F.3d *1088 1226 (9th Cir. 2015), sought to actually file her complaint; the filing barrier was her request to file without paying the filing fee. Id. at 1231-33 (“No justification exists to alter the definition of ‘filing’ simply because a complaint is submitted to the clerk’s office along with an IFP application.”). Unlike this case, the plaintiffs in Klemrn, Ordonez, and Escobedo did not “lodge” their complaints or motions while awaiting filing or a ruling. Further, the plaintiffs in those cases each sought to file their complaint as is, not under seal, or if the motion to seal was denied, revised so as to protect the information they initially sought to place under seal.
Here, the Demarees understood that the motion was not actually before the court. The Arizona District Court’s local rules (AZ LR) specifically require a movant seeking to file a document under seal to file the.motion to file under seal and “[t]he document or documents that are the subject of any such motion or stipulation must not be appended to the motion or stipulation, and must be lodged with the Court separately.” AZ LR 5.6(b) (emphasis added). The consequences of the court denying a request to file under seal are explicit: “[i]f a request to file under seal is denied in part or in full, the lodged document will not be filed.” AZ LR 5.6(c) (emphasis added). Further, if the court does deny a request to file under seal, the party has five days to file the motion publicly. AZ LR 5.6(e). There can be no question the Demarees knew their document was not filed. ' .
By seeking to file under seal, it is obvious that the Demarees did not want the motion publicly filed. After the District Court rejected the Plaintiffs’ motion, it was the Plaintiffs’ decision to (1) file publicly; (2) revise and file publicly; or (3) not file the motion. It was the Demarees’ decision and the local rule respects that right.
To accord the Plaintiffs “an out,” the Majority argues it has authority over this case by giving credence to the fact that the district court comments on the merits of the lodged motion in its denial of the De-marees’ motion to seal. In response, the Majority, first, cites no actual legal authority for this argument, because there is none. Second, although the district court discusses the merits of the lodged motion, the ultimate ruling is that the “Motions to Seal (Doc. 363 and 370) are DENIED.”[4] Third, the Rule 59 motion was never actually before the district court in order for it to consider the motion. The local rule required that the lodged motion “must not be appended to the motion [to seal].” AZ LR 5.6(b) (emphasis added). Accordingly, the district court could only consider the merits of only the motion to seal because that was the only document before it. Indeed, the lodged document, in essence, disappears if the motion to seal is denied: “[i]f a request to file under seal is denied in part or in full, the lodged document will not be filed.” AZ LR 5.6(e) (emphasis added). Although, generally, “[a] paper is filed by delivering it: (A) to the clerk,” Fed. R. Civ. P. 5(d)(2)(A), the Demarees did not “deliver[]” the Rule 59 motion “to the clerk” to file it. Id. By lodging the document, the Demarees explicitly stated they wanted it to remain «willed until the dis *1089 trict court granted the motion to seal. After the district court denied their motion to seal, the Demarees had five days to file their document publicly, which they did not do.[5] AZ LR 5.6(e). Thus, the document was never before the district court to consider, much less somehow confer authority on this court by considering the merits of a lodged motion.
Accordingly, this case is not properly before us for lack of jurisdiction and timely filing of a tolling motion.

. I agree with the Majority that Hamer v. Neighborhood Housing Services of Chicago, — U.S. -, 138 S.Ct. 13, 199 L.Ed.2d 249 (2017), clearly articulated the difference between jurisdictional rules (those grounded in the United States Code) and "mandatory claim-processing rules” which "must be enforced,” but, nevertheless, may also be waived or forfeited, and that the rule primarily at question in this case (Rule 4(a)(4) and the effect of the tolling motions listed therein) is a "mandatory claim-processing rule” and not a jurisdictional rdle. Id. at 17.

. There is nq question the Defendants .did not waive or forfeit this argument: "The Demar-ees filed a timely Notice of Appeal (ER 19) as to postjudgment orders (ER 1,3), but not as to the Judgment (ER 4).”

. The Majority mischaracterizes these cases, suggesting they are inapplicable because the question- before the panel is timeliness, not a question of the evidentiary record on appeal. Indeed/ by the same reasoning, the Majority's cases are inapplicable because they involve complaints or administrative appeals, not Rule 59 motions. The proper question is whether a given document was properly before the court or not; i.e., whether it was “filed” or "lodged,” In this regard, Nicholson, Barcamerica, and Levald are on point, because they answer whether a "lodged” document is “filed”: the precise question before the panel.

. Document 363 was a motion to file under seal to supplement the record in support of their Rule 59 motion and Document 370 was the motion to file the Rule 59 motion under seal.
Further, the Demarees have not appealed the district court’s denial of their motions to seal arguing the district court abused its discretion by not considering the merits of the sealing, but rather to deny the motion to seal based on the merits of the lodged Rule 59 motion. This issue, thus, is waived on appeal. Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[0]n appeal, arguments not raised by a party in its opening brief are deemed waived.”).

. If the Demarees had filed their Rule 59 motion publicly within five days after the district court entered its denial, they would have a much stronger argument that their situation was akin to the plaintiff in Escobedo, where the district court gave the plaintiff thirty days to pay her filing fee after denying her motion to proceed without paying it. Escobedo, 787 F.3d at 1228. Escobedo paid the filing fee within the deadline set by the district court and, on appeal, this court held the filing was timely. Id. at 1233-34. This, however, is not what the Demarees did.