**Joseph Raymond CINTRON, Plaintiff-Appellant,**

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant-Appellee.**

**No. 86–5695.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 1987.

Decided Feb. 3, 1987.

John J. Farrell, Oakland, Cal., Siegfried Hesse, Berkeley, Cal., for plaintiff-appellant.

No appearance for defendant-appellee.

Before PREGERSON and NORRIS, Circuit Judges, and REED,* District Judge.

* Honorable Edward C. Reed, Jr., Chief United States District Judge, District of Nevada, sitting by designation.

EDWARD C. REED, Jr., District Judge:

Appellant, Joseph Raymond Cintron, brought this action under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq., for injuries he sustained in the course of his employment with defendant, Union Pacific Railroad Company.

The earlier of two injuries for which appellant sought damages occurred on September 4, 1982. The action is controlled by the three year statute of limitations at 45 U.S.C. § 56. Therefore, appellant had until September 4, 1985, to commence his action.

In August of 1985, the appellant sent his complaint to the United States District Court for the Central District of California for filing. The complaint reached the court on August 27, 1985. On that day, a deputy clerk stamped the complaint: "Received and Returned—August 27, 1985—Clerk, U.S. District Office—Central District of California—By Deputy." The deputy clerk then mailed the complaint back to the appellant. These actions were taken by the deputy clerk because the complaint did not conform to certain local rules: counsel had not punched two holes in the top of the complaint; counsel had not included a copy of the civil cover sheet; appellant sent a check for $99.00 instead of $60.00, the correct filing fee.

The complaint reached counsel on September 6, 1986, two days after the three year limitations period had run. Counsel corrected the defects in the complaint and returned it to the district court.

On September 10, 1985, the clerk's office received the corrected complaint. A deputy clerk then stamped the complaint: "Files—September 10, 1985—Clerk, U.S. District Court—Central District of California—By Deputy."

On September 25, 1985, appellant moved the court for an order directing the clerk to refile the complaint as of August 27, 1985, the date it was initially received in the clerk's office. The district court held a hearing on the motion on November 18, 1985. The next day, a minute order was entered denying the motion and dismissing the appellant's action.

I

■ If there was a clerical error in the handling of the complaint, the trial court had power under Fed.R.Civ.P. 60(a) to correct that error.

The court apparently knew it had the power to correct in case of clerical error. The following appears in the transcript of the hearing on the motion:

The Court: But you do not allege, and you cannot allege under these facts, that the clerk erred. Now if that were the case then I would order that to be done. The clerk acted properly. The clerk acted under local rules.

■ Several courts have held that the power to grant motions made under Fed.R.Civ.P. 60(b) is within the discretion of the trial court and that rulings made on such motions should not be reversed in the absence of abuse of discretion. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir.1980); *Hodge v. Hodge*, 621 F.2d 590, 593 (3rd Cir.1980); *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99, 102 (7th Cir.1979). The same standard of review should be applied to rulings under Fed.R.Civ.P. 60(a).

■ In this case the court did not abuse its discretion in refusing to order the clerk to refile the complaint as of August 27, 1985. First, the court was right in finding that there was no clerical error; the clerk acted properly. Second, there is no reason to change the filing date, as that date reflects what actually happened in this case and no prejudice to appellant could occur as a result of any "error."

II

■ The dismissal of a complaint on the merits is reviewed *de novo*. *King v. State of California*, 784 F.2d 910, 912 (9th Cir. 1986); *Compton v. Ide*, 732 F.2d 1429, 1432 (9th Cir.1984). *See also Lojek v. Thomas*, 716 F.2d 675, 677 (9th Cir.1983) (*De novo* review of grant of summary judgment.)

The issue here is whether the appellant's submission of his complaint on August 27, 1985, commenced the action within the time

allowed by 45 U.S.C. § 56, the relevant statute of limitations.

Fed.R.Civ.P. 3 provides: "A civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 5(e) provides: "The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk."

At question is the definition of the word "file."

The consensus is that "[p]apers and pleadings including the original complaint are considered filed when they are placed in the possession of the clerk of the court." C. Wright & A. Miller, Federal Practice and Procedure § 1153 (1969). *See United States v. Dae Rim Fishery Co.*, 794 F.2d 1392, 1395 (9th Cir.1986). The possession of the papers by the clerk of the court may be actual or constructive. *Dae Rim Fishery*, 794 F.2d at 1395.

The Ninth Circuit Court of Appeals has decided two cases which control the disposition of the case at bar.

In *Loya v. Desert Sands Unified School Dist.*, 721 F.2d 279 (9th Cir.1983), the plaintiff delivered his complaint to the office of the clerk of the district court within the 90–day limitations period for filing private Title VII actions following receipt of a "right to sue" letter from the EEOC. The clerk refused the complaint because it was typed on 8½ by 13 inch paper, in violation of a local rule which required 8½ by 11 inch paper. By the time that a new copy of the complaint, typed on 8½ by 11 inch paper, arrived at the clerk's office, the 90–day limitations period had passed. The district court dismissed the plaintiff's Title VII action as untimely. On appeal the Ninth Circuit Court of Appeals said:

> This was error. A copy of the complaint arrived in the hands of the Clerk within the statutory period. To uphold the Clerk's rejection of it would elevate to the status of a jurisdictional requirement a local rule designed merely for the convenience of the court's own record keeping. While such interests are important, local rules to serve them should not be applied in a manner that defeats altogether a litigant's right to access to the court.

*Id.* at 280. The court went on to hold that:

> for purposes of the statute of limitations the district court should regard as "filed" a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules.

*Id.* at 281. The court reversed the dismissal of the Title VII action.

The recent case of *United States v. Dae Rim Fishery Co.*, 794 F.2d 1392 (9th Cir.1986), is similar and also applies.

When the principles from *Loya, supra,* and *Dae Rim Fishery, supra,* are applied to the facts of the case at bar, it is clear that appellant's case should not have been dismissed as untimely. The clerk listed three reasons for not accepting the complaint on August 27, 1985. The appellant's failure to punch two holes in the top of the complaint and his failure to include a copy of the civil cover sheet were obviously matters governed by local rules. As such, these oversights do not render the complaint untimely. The cases of *Loya* and *Dae Rim Fishery* are on point. The third reason listed by the clerk was the submission of $99.00 instead of the correct filing fee of $60.00. The fee is prescribed by 28 U.S.C. § 1914. While § 1914 is not merely a local rule, it should not be raised to the level of a jurisdictional requirement. A few courts have so held. *See Rodgers on behalf of Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir.1986); *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544 (5th Cir. 1978). *See also Parissi v. Telechron, Inc.*, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955) (The failure by the appellant to include the $5 fee required by 28 U.S.C. § 1917 with notice of appeal submitted within the 30 days allowed by 28 U.S.C. § 2107 for such filing did not vitiate the appellant's notice of appeal.). This is especially so here, where the appellant in fact

submitted $60 with his complaint. His mistake was his submission of an extra $39. The clerk's decision to handle the overpayment by returning the complaint along with the check was one based merely on the convenience and smooth operation of the clerk's office. The appellant should not be denied a forum due to his overpayment of the filing fee.

In this case, the appellant constructively filed his complaint when, on August 27, 1985, he delivered it to the clerk of the court, though he was not in compliance with local rules and though he overpaid the filing fee. He therefore commenced the action within the three year statute of limitations at 45 U.S.C. § 56. Dismissal of his complaint as untimely was error.

### III

The appellant argues that "because of the trial court's adamance, and to preserve the appearance of justice, this matter should be remanded for trial before a different judge." Appellant's Opening Brief at 13.

■ The appellant cites no facts suggesting a bias on the part of the district court judge against appellant. Personal bias, to require recusal or remand to a different judge, must be against the party, not against the attorney for the party. *See United States v. Burt*, 765 F.2d 1364, 1368 (9th Cir.1985). *See also* 28 U.S.C. §§ 144, 455.

■ The appellant has shown no such personal bias on the part of the district court judge. In the absence of proof of personal bias, a case should be remanded to a new district court judge only under "unusual circumstances." *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1523 (9th Cir.1985). In making the determination whether such circumstances exist, the following must be considered:

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be

rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Id.; United States v. Arnett*, 628 F.2d 1162, 1165 (9th Cir.1979).

■ In this case there is no reason to believe that the district court judge would have difficulty in putting out of his mind any erroneous views he held during previous proceedings in this case. The statute of limitations issue is now resolved and the facts related to that issue are now largely irrelevant.

Review of the transcript of the hearing held on November 18, 1985, on appellant's motion to direct the clerk to refile the complaint reveals that the criticism of appellant's counsel by the judge was minimal, and not enough to create an appearance of injustice in this case if it is remanded to the same judge.

Because neither of the first two parts of the test weigh substantially in appellant's favor, the interest of judicial economy controls.

The appellant has failed to show the personal bias or unusual circumstances that would necessitate remand to a different district court judge.

### IV

The dismissal of appellant's action is REVERSED. This case is REMANDED to the district court for further proceedings consistent with this Opinion.