**Jack C. SMITH, Plaintiff–Appellant,**

v.

**Anthony M. FRANK,
Defendant–Appellee.**

**No. 89–16723.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 1990.

Decided Jan. 9, 1991.

Bruce J. Terris, Laraine L. Laudati, Terris, Edgecombe, Hecker & Wayne, Washington, D.C., James E. Eggleston, Mocine & Eggleston, Oakland, Cal., for plaintiff-appellant.

Stephen E. Alpern, Office of Labor Law, U.S. Postal Service, Washington, D.C., George Chris Stoll, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

Before NELSON and TROTT, Circuit Judges, and STEPHENS,* District Judge.

STEPHENS, District Judge:

Plaintiff appeals the judgment in favor of defendant Postmaster General in his handicap discrimination action against the United States Postal Service brought under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.* We hold that the district court erred in refusing to accept plaintiff's timely filed but lengthy objections to the magistrate's findings of fact and conclusions of law and in denying the plaintiff a reasonable opportunity to conform his objections to the local rules, and remand this claim to the district court for action not inconsistent with this opinion.

## BACKGROUND

Plaintiff worked for defendant at the Concord, California Post Office from 1968 through 1984 as a distribution clerk. In 1973, plaintiff was diagnosed with a degenerative spinal disease, and received extensive medical treatment for this condition over the next eleven years. In 1984, plaintiff had strict limitations placed on him by his physician and returned to work on a light-duty status in accord with the collective bargaining agreement between the Postal Service and the Postal Workers Union. As a result of these limitations, plaintiff could not perform all of the tasks required of him as a distribution clerk.

On May 22, 1985, Postmaster Helm terminated plaintiff's light-duty status. Because of the plaintiff's medical requirements and restrictions under the collective bargaining agreement, no other positions were open for the plaintiff at the Concord Post Office. Therefore, on June 11, 1985, Helm terminated plaintiff's employment.

Plaintiff pursued his administrative remedies, and then filed this present action seeking injunctive and declaratory relief under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.,* ("Act"). The district court assigned the action to Magistrate

Brennan as a special master under Fed.R. Civ.P. 53 to conduct the trial, and make recommended findings of fact and conclusions of law. The Magistrate concluded that plaintiff was a qualified handicapped person for purposes of the Act, but that the defendant was not in violation of the Act because the plaintiff posed a significant risk to himself and his co-workers even with reasonable accommodating measures for plaintiff's disability. The magistrate recommended that judgment be entered in favor of the defendant. The magistrate made this recommendation based on both factual findings and legal conclusions.

Plaintiff obtained an extension for filing objections, and then filed 59 pages of objections to the Magistrate's Findings, Conclusions, and Recommendations on the last day for filing such a document. Under the Northern District Local Rules, objections could be no more than 25 pages long. *See* N.D.Cal.R. 220–4. Plaintiff simultaneously filed an ex parte motion to file an overly long brief or memorandum. Under Northern District Local Rules, a motion to file a brief or memorandum in excess of the length restrictions cannot be filed simultaneously with that document. *Id.* The district court denied the motion and refused to accept the objections because of their length. By this time the period within which plaintiff could file objections under Fed.R.Civ.P. 53 had passed. Nevertheless, plaintiff delivered a shorter version of his objections with a motion to permit filing out of time. The district judge refused to accept the plaintiff's shorter version of objections.

Defendant's motion to adopt the magistrate's proposed findings, conclusions, and recommendations was granted. Judgment was entered on November 29, 1989. Plaintiff filed timely notice of appeal on December 14, 1989.

## DISCUSSION

 Plaintiff appeals many of the findings and conclusions made by the magis-

---

* The Honorable Albert Lee Stephens, Jr., Chief Judge Emeritus, Central District of California, sitting by designation.

trate and adopted by the district court. Before the merits of plaintiff's arguments can be examined, it is necessary to determine what is appropriately on appeal. In general, the failure to object to findings of fact and conclusions of law entered by a magistrate waives the opportunity to contest those matters on appeal.[1] This rule is clearly established for findings of fact, though there is a split in the Ninth Circuit as to whether a party's failure to object should foreclose that party's ability to appeal a magistrate's conclusions of law. *See Greenhow v. Secretary of Health & Human Services,* 863 F.2d 633, 635 (9th Cir. 1988) (comparing *Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir.1983) with *McCall v. Andrus,* 628 F.2d 1185, 1189–90 (9th Cir.1980), *cert. denied sub nom. McCall v. Watt,* 450 U.S. 996, 101 S.Ct. 1700, 68 L.Ed.2d 197 (1981)).[2]

This circuit has held that "for purposes of the statute of limitations the district court should regard as 'filed' a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules." *Loya v. Desert Sands Unified School Dist.,* 721 F.2d 279, 281 (9th Cir. 1983). The basis for this holding is that local rules should not be construed as affecting the jurisdiction of the district court, but instead should merely regulate the practice within the court. *Id.* at 280.

In *Loya,* the plaintiff's complaint was timely filed, but was not accepted by the clerk of the court because it was printed on 8½″ × 13″ paper instead of 8½″ × 11″ paper as required under a local rule. By the time the plaintiff was notified that the complaint would not be accepted until submitted on paper which complied with the size specified by the local rules, the applicable statute of limitations had run. The district court then dismissed the action. Consequently, the action was effectively time-barred by virtue of a local rule.

On appeal, plaintiff's claim was reinstated. It was held that plaintiff had filed his complaint before the statute of limitations had run. The clerk's refusal to accept the complaint because of a local rule gave that rule a jurisdictional function that was not authorized under Fed.R.Civ.P. 83 and in conflict with Fed.R.Civ.P. 1. *Id.* at 281. Consequently, the court of appeals remanded the action for trial. *See also Cintron v. Union Pac. R. Co.,* 813 F.2d 917, 920 (9th Cir.1987) (failure to punch holes in top margin of the complaint or to include a copy of the civil cover sheet should not prevent prosecution of an action); *United States v. Dae Rim Fishery Co.,* 794 F.2d 1392 (9th Cir.1986) (naming agents of defendants instead of defendants themselves in summons as required by local rule should not bar action). *Cf. Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 320–21, 108 S.Ct. 2405, 2410–11, 101 L.Ed.2d 285 (1988) (naming of a party in the notice of appeal as required under Fed.R.App.P. 3(c) is jurisdictional).

The *Cintron* court found additional support for its conclusion in the definition of the word "filed." "The consensus is that '[p]apers and pleadings including the original complaint are considered filed when they are placed in the possession of the clerk of the court' " *Cintron,* 813 F.2d at 920 (citing C. Wright & A. Miller, Federal Practice and Procedure § 1153 (1969)). *See also Dae Rim Fishery,* 794 F.2d at 1395 (complaint is filed when it is placed in the actual or constructive possession of the clerk). This court has followed a similar standard in determining when a notice of appeal should be considered filed. *United States v. Preston,* 352 F.2d 352, 353 n. 1 (9th Cir.1965) (appeal is timely filed where evidence showed that the notice was timely received by the clerk of the court on the last possible day under Fed.R.App.P. 4(a)(1), but stamped "filed" with the date of the following day).

---

1. Failure to object to special master's findings and conclusions is treated identically to failure to object to magistrate's findings and conclusions.

2. Since the plaintiff did timely file his objections to the magistrate's findings of fact and conclusions of law, we need not side with one view or the other.

■ Similarly, in the present case, the application of the pleading length limitation under the local rules in combination with the time limitation under Fed.R.Civ.P. 53 gives the local rule a jurisdictional effect not authorized under Fed.R.Civ.P. 83. As noted, the failure to object to a magistrate's findings, conclusions, and recommendations within the period fixed by the Federal Rules of Civil Procedure either precludes or limits review by the Court of Appeals, thereby affecting the appellate court's jurisdiction. *See Greenhow,* 863 F.2d at 635–36.

However, plaintiff did file objections to the magistrate's findings, conclusions, and recommendations within the time authorized by Fed.R.Civ.P. 53; plaintiff's error was that the objections were too long in violation of the local rules. Plaintiff is prevented from fully pursuing his rights not because of his untimeliness, but because of the length of his pleading and the operation of a local rule. Such an interpretation would give the local rule an impermissible jurisdictional character. *See Loya,* 721 F.2d at 280–81.

■ The objections should be deemed timely filed but thereafter subject to application of the local rules which are not to be regarded as limitations on jurisdiction. The local rules open the door to control of the business of the court, such as limitations on the length of pleadings or paper size, to avoid an unnecessary burden on the court. For violations of the local rules, sanctions may be imposed including, in appropriate cases, striking the offending pleading.

■ While time restrictions on jurisdiction have long been an integral part of our legal system, paper size and other such guidelines have never been raised to a level of jurisdictional importance. *See, e.g., Loya,* 721 F.2d at 280–81. Plaintiff's error should not compromise his ability to appeal. *See id. See also Cintron,* 813 F.2d at 920–21; *Dae Rim Fishery,* 794 F.2d at 1395. Pleadings which are timely filed, but overly long under local rules should not be rejected without a reasonable, even if con-

ditional, opportunity to conform to the local rules.

REMANDED.