959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory Tyree BROWN, Plaintiff-Appellant,
v.
Lawrence KINCHELOE, Warden, Dick Morgan; Jim Hartford; A.
Siller; E. Teal, Defendants-Appellees.
 No. 90-35384.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 10, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Brown appeals pro se the district court's denial of his motion for relief from judgment pursuant to Fed.R.Civ.P. 60(a) & (b). The district court granted summary judgment for prison officials in Brown's action alleging that he was denied access to the courts when prison officials deprived him of his legal materials. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 We review the district court's denial of a Rule 60(a) motion for abuse of discretion. Cintron v. Union Pac. R.R. Co., 813 F.2d 917, 919 (9th Cir.1987). We review the denial of a Rule 60(b) motion for abuse of discretion, and we will reverse " 'only upon a clear showing of abuse of discretion.' " Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) ( quoting Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985) (court's emphasis)).
 
 
 4
 Brown contends that the district court made clerical errors by (1) filing his response to defendants' motion for summary judgment after filing the district court's decision granting summary judgment and (2) incorrectly denominating defendants' notice of hearing on motion for summary judgment as plaintiff's notice of hearing. Relief is available under Rule 60(a) to correct the district court judgment to reflect the actual intentions and necessary implications of the court's decision. Robi v. Five Platters, Inc., 918 F.2d 1439, 1445 (9th Cir.1990).
 
 
 5
 Here, the clerical errors which Brown alleges are not appropriate bases for relief under Rule 60(a). The judgment accurately reflects the intent of the district court judge. See id. Further, neither of the alleged clerical errors resulted in any prejudice to Brown. First, Brown's response to defendants' motion for summary judgment was delayed in filing because the court had to address Brown's motion to file an extended brief in response to defendants' motion for summary judgment. Nevertheless, the district court had the response before it and considered the response in deciding the motion for summary judgment. Second, although the notice of hearing is incorrectly designated in the district court docket sheet, the pleading in the district court record is clearly designated as defendants' notice of hearing. Given these circumstances, the district court did not abuse its discretion by denying Brown's Rule 60(a) motion. See Robi, 918 F.2d at 1445.
 
 
 6
 Brown also sought relief under Rule 60(b) on the ground that the district court failed to consider numerous factual issues and legal claims. A motion for reconsideration may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barhnart, 778 F.2d 1386, 1388 (9th Cir.1985). Relief under Rule 60(b)(6) requires a finding of extraordinary circumstances. Id.
 
 
 7
 Brown's motion does not raise any of the proper grounds for relief under Rule 60(b). See Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 110 S.Ct. 192 (1989); Backlund, 778 F.2d at 1338. Rather, he raises numerous factual, procedural, and legal issues regarding the merits of the underlying summary judgment and seeks de novo review on appeal.
 
 
 8
 An appeal from a denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review. Molloy, 878 F.2d at 315. Brown's notice of appeal was not timely as to the underlying judgment of dismissal, and a Rule 60(b) does not toll the time for appeal. See Taylor, 871 F.2d at 805. Accordingly, we do not have jurisdiction to conduct a de novo review of the summary judgment. Given these circumstances and the claims raised in Brown's Rule 60(b) motion, we conclude that the district court did not abuse its discretion in denying the motion. See id.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's motion for sanctions against appellees is denied