996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth Don BARRETT, Jr., Plaintiff-Appellant,
v.
Lowell Bruce ATKINS, Resident Agent in charge at FBI office
in Phoenix, AZ; jointly & separately in his
individual & official capacity, et al.,
Defendant-Appellee.
 No. 92-16649.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 18, 1993.
 
 MEMORANDUM**
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 Kenneth Don Barrett, Jr. appeals pro se the district court's denial of his motion for reconsideration pursuant to Fed.R.Civ.P. 60(a). Barrett contends the district court erred by denying his motion for reconsideration because Barrett clearly demonstrated the district court made a mistake when it dismissed his action pursuant to Local Rule 11(i) of Arizona. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand.[1]
 
 
 2
 We review a district court's denial of a Rule 60 motion for abuse of discretion. Cinton v. Union Pacific R.R. Co., 813 F.2d 917, 919 (9th Cir.1987). We do not weigh the merits of the underlying judgment. Fiester v. Turner, 783 F.2d 1474, 1476 (9th Cir.1986).
 
 
 3
 Here, several agents of the Federal Bureau of Investigation, including Agent Lowell Bruce Atkins, arrested Barrett on October 4, 1985. Barrett first filed this action on October 2, 1987. He alleged that Atkins and other FBI agents severely beat Barrett immediately subsequent to his arrest in violation of his fourth and fifth amendment rights. Barrett alleged that as a result of the beating, he has had to undergo surgery to his left arm and will have to have surgery on his throat, where Atkins kicked him. On February 11, 1988, the district court dismissed all defendants except Atkins.
 
 
 4
 After numerous procedural motions not relevant here, Barrett filed his second amended complaint on February 21, 1991. Barrett sought compensatory and punitive damages against Atkins in his individual capacity on the ground that Atkins had violated Barrett's fourth and fifth amendment rights.
 
 
 5
 On March 31, 1992, Atkins moved to dismiss Barrett's action on the ground that Barrett had failed to state a claim upon which relief could be granted and because the second amended complaint was barred by the Arizona statute of limitations. On May 7, 1992, the court ordered Barrett to file a response to the motion to dismiss by May 29, 1992. On May 11, 1992, Barrett moved the court for an extension of time to respond to Atkins' motion to dismiss the action.[2] Barrett filed his opposition to Atkins' motion to dismiss on June 3, 1992. On July 15, 1992 the court granted Atkins' motion to dismiss pursuant to Arizona Local Rule 11(i) and "for good cause shown."[3]
 
 
 6
 On July 27, 1992, Barrett filed a motion for reconsideration with the court pursuant to Rule 59(e). The court struck the motion for failure to comply with Local Rule 10(f)(1).[4] On August 17, 1992, Barrett filed a motion for reconsideration under Rule 60(a). Barrett argued that the district court had erred by dismissing his action on the ground that he never filed a responsive pleading to the defendants' motion for dismissal. On September 14, 1992, the court denied the motion for reconsideration. Barrett timely appeals.
 
 
 7
 Although Barrett brought his motion under Rule 60(a), he does not seek to correct a clerical error.[5] See Fed.R.Civ.P. 60(a); Cinton, 813 F.2d at 919. Rather, Barrett contends the district court erroneously found that Barrett never filed a responsive motion to defendants' motion for dismissal, when in fact he had filed a responsive pleading. Barrett, therefore, alleges the district court made an error of law. The fact that Barrett titled his motion a Rule 60(a) motion, however, is not dispositive. See Hasbrouck v. Texaco, Inc., 879 F.2d 632, 635 (9th Cir.1989). Accordingly, we construe Barrett's motion as a Rule 60(b) motion.
 
 
 8
 A party may bring a motion under Rule 60(b) if the party can show "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment." Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). A party seeking relief under exception (6) must demonstrate "extraordinary circumstances." Id.
 
 
 9
 Here, Barrett clearly demonstrated the district court was mistaken in its assertion that Barrett had not filed a responsive pleading to Atkins' motion to dismiss. The district court dismissed Barrett's action on July 15, 1992, on the ground that Barrett never filed any responsive pleading at all. Observing that Barrett had filed a motion for an additional thirty days in which to file his opposition to Atkins' motion to dismiss, the district court stated: "Even considering the additional thirty days, plaintiff has failed to file any responsive pleading whatsoever." In light of the fact that Barrett filed his opposition to Atkins' motion on June 3, 1992, the district court abused its discretion by denying Barrett's motion for reconsideration. See Hunt, 872 F.2d at 292.
 
 
 10
 Accordingly, we vacate the district court's denial of Barrett's motion to reconsider and remand this action to the district court for further proceedings.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In light of this disposition, we deny Barrett's motion under Local Rule 28-3.3 for leave to file a late reply brief and to exceed the page limit established by Fed.R.App.P. 28(g) for reply briefs
 
 
 [2]
 The court did not respond to this motion
 
 
 [3]
 Local Rule 11(i) of Arizona provides: "If a motion does not conform in all substantial respects with the requirements of this Rule, or if the opposing party does not serve and file the required answering memoranda ..., such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."
 
 
 [4]
 Local Rule 10(f)(1) of Arizona provides: "No copy of a pleading, exhibit or minute entry which has been filed in a case shall be attached to the original of a subsequent pleading, motion or memorandum of points and authorities."
 
 
 [5]
 Fed.R.Civ.P. 60(a) provides in relevant part: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."