21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James ERVIN, Plaintiff-Appellant,
v.
Glen CRAIG, Sacramento County Sheriff; Sacramento Police
Department, K-9; Wayne Mayhan, Lt. # 12; Sgt
Beach, Sgt. # 125; Sgt. Tatosian;
Officer Schele; B J Sanders,
Defendants-Appellees.
 No. 92-15018.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1993.*
Decided April 22, 1994.
 
 Before: TANG, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 In October of 1989, appellant James Ervin was arrested following a car chase. During the arrest, the police used a dog to subdue him. Ervin claims the police directed the dog to bite and chew on him for an "inordinate" amount of time, kicked him in the stomach while he was compliant, and denied him adequate medical care. Proceeding pro se, Ervin filed this action under 42 U.S.C. Sec. 1983 against employees of the Sacramento City Police Department and Sacramento County Sheriff's Department.
 
 
 3
 The action was dismissed pursuant to a magistrate judge's recommendation to dismiss for failure to file proof of service for two discovery motions. Ervin appeals the dismissal and the magistrate judge's denial of his motion for appointment of counsel. We reverse the dismissal and remand for further proceedings.
 
 DISCUSSION
 I. Dismissal
 
 4
 Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to comply with a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992), cert. denied, 113 S.Ct. 321 (1992). However, dismissal is a harsh penalty and should be imposed only in "extreme circumstances." Id. The district court must weigh five factors to determine whether dismissal is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Id. at 1260-1261. We may review the record independently to determine if the district court has abused its discretion, and we are "mindful of Supreme Court precedent that instructs federal courts liberally to construe the 'inartful pleading' of pro se litigants." Id. at 1261. The dismissal will not be reversed "unless there is a definite and firm conviction that the [district court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. at 1260.
 
 
 5
 On July 2, 1991, the magistrate judge ordered both parties to file a status report within 30 days. On September 4, 1991, the magistrate judge issued a recommendation that the action be dismissed without prejudice for Ervin's failure to file the status report. [ER 48-51.] The recommendation advised Ervin that the failure to file objections within 30 days may waive the right to appeal the district court's order. Ervin filed objections on September 24, 1991.
 
 
 6
 Also on September 4, 1991, by separate order, the magistrate judge ordered Ervin to file proof of service on defendants for two discovery pleadings within 20 days of the order.[1] [ER 52-55.] The order cautioned Ervin that "failure to serve any documents subsequently filed in this action, and failure to include a proper certificate of service with such filing, will result in a recommendation that this action be dismissed." [ER 53 (emphasis added).]
 
 
 7
 On October 8, the magistrate judge filed two separate orders. One denied Ervin's request for appointment of counsel and vacated the "findings and recommendations filed September 4, 1991." [ER 7-8.] The second order recommended that the action be dismissed for failure to provide proof of service of the two pleadings. [ER 9-11.] It also advised Ervin that he could file objections to the recommendation within 30 days and that the failure to object may waive the right to appeal the district court's order. Ervin failed to file objections, and the district court adopted the magistrate's recommendation to dismiss the action. [ER 5-6.]
 
 
 8
 Because the magistrate's order to file proof of service and the subsequent recommendation to dismiss the case were confusing and misled Ervin in his pro se preparation of this lawsuit, the dismissal was an abuse of discretion.
 
 
 9
 First, the September 4, 1991 order on which the recommendation was based states that the "failure to serve any documents subsequently filed in this action ... will result in a recommendation that this action be dismissed." [ER 53.] Ervin was justifiably confused when he then received the October 8, 1991 recommendation that the suit be dismissed for failure to serve the discovery pleadings filed before the September 4 order.
 
 
 10
 Second, Ervin received two orders on October 8. One vacated "findings and recommendations filed on September 4, 1991" (but did not specify that this September 4 recommendation was regarding the failure to file a status report). The other order instituted a recommendation to dismiss for failure to serve the two motions (pursuant to a September 4, 1991 order). Ervin plausibly read these orders as contradictory.
 
 
 11
 Moreover, there was proof in the record that Ervin had in fact served the relevant pleadings on the defendants. The declaration of Leslie R. Lopez of the City Attorney's Office filed in response to Ervin's motion to compel states that the motion had been served on the defendants and attaches Ervin's Proof of Service. [ER 26-27, 32.] The "Memorandum of Points and Authorities" filed in response to the motion to compel states that the defendants received Ervin's request to "dismiss" defendants' motion to dismiss (i.e. Ervin's response to the motion to dismiss). [CR 51.]
 
 
 12
 Given all the above circumstances, the failure to file objections to the magistrate judge's recommendation did not waive Ervin's right to appeal the propriety of the dismissal.[2]
 
 
 13
 We hold the dismissal an abuse of discretion. Dismissal of this lawsuit did not serve the public's interest in expeditious resolution of litigation: discovery was ongoing and the case was proceeding to trial despite the absence of a discovery and pretrial schedule. While the dismissal arguably served the court's need to manage its docket, there was no risk of prejudice to the defendants in continuing the action because they had in fact received the pleadings at issue. Most importantly, the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives weigh heavily in favor of allowing the action to proceed. The record indicates that Ervin attempted to comply with the court's procedural requirements and received little direction from the court to assist him in doing so.
 
 
 14
 In Ferdik, in which a dismissal for failure to comply with a district court's order to file an amended complaint was upheld, the district court gave the plaintiff two opportunities to comply with the relevant court order and gave him explicit guidance in how to comply with that order to avoid dismissal. 963 F.2d at 1261. The district court in that case "demonstrated more than adequate sensitivity to Ferdik's inexperience as a pro se litigant, [and] went out of its way to assist him." Id. In contrast, here, the magistrate's orders and recommendation to dismiss for failure to comply with those orders were confusing and gave little guidance to Ervin in how to comply to avoid dismissal.
 
 
 15
 In conclusion, it was an abuse of discretion for the district court to adopt the magistrate judge's recommendation to dismiss the case for failure to file proof of service.
 
 II. Appointment of counsel
 
 16
 The magistrate judge denied Ervin's motions to appoint counsel. Ervin did not raise objections to the district judge, nor bring this issue to the attention of the district judge in any other way.
 
 
 17
 The request for appointment of counsel is a non-dispositive order and the failure to object to that order before the district court means that we cannot consider that claim on appeal. See Fed.R.Civ.P. 72(a). See McKeever v. Block, 932 F.2d 795, 798-99 (9th Cir.1991); Palmer v. United States, 794 F.2d 534, 540 (9th Cir.1986).
 
 
 18
 However, on remand the district court should consider the continued appointment of voluntary counsel who was appointed for purposes of appeal.
 
 
 19
 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 These pleadings were Ervin's response to the defendants' motion to dismiss for failure to answer interrogatories (styled "Motion for Request for Reconsideration") and Ervin's motion to compel defendants' answers to interrogatories (styled "In Compliance with Local Rule 251 and, in Support of Plaintiff's Motion Now to Dismiss, for Defendant's Failure to Respond and Answer Interrogatories in the Required Time Restraints of the F.R.Civ.P. 37, and Order Compelling Answers to Interrogatories and for Impositions of Sanctions")
 
 
 [2]
 We thus need not resolve the intracircuit conflict whether the failure to object to a magistrate judge's legal conclusions waives the right to appeal. See Smith v. Frank, 923 F.2d 139, 141 (9th Cir.1991) (recognizing conflict)