52 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re M.C. PRODUCTS, INC., fdba Men's Care Products, Inc.,
and Telephone Fantasies, Inc., Debtor.
M.C. PRODUCTS, INC., Plaintiff-Appellant,
v.
AMERICAN TELEPHONE & TELEGRAPH COMPANY, dba AT & T; MRO
Communications, Defendants-Appellees.
 No. 93-56445.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1995.
Decided April 17, 1995.
 
 1
 Before: D.W. NELSON and CANBY, Circuit Judges, and TANNER* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The bankruptcy court denied a motion brought by M.C. Products, Inc., a Chapter 11 debtor, for a preliminary injunction. M.C. Products appeals from the district court's affirmance of that denial and from the district court's denial of a motion for rehearing. AT & T maintains that we lack jurisdiction to consider the appeal from the district court's affirmance of the bankruptcy court because the notice of appeal was not timely filed.
 
 
 4
 I. The Appeal from the District Court's Affirmance
 
 
 5
 Ordinarily, a party must file a notice of appeal "within thirty days after the date of entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1). "In a bankruptcy case, however, where a party files a timely motion for rehearing, the time for appeal of a district court order to the court of appeals runs from entry of the order denying rehearing." In re D.W.G.K. Restaurants, Inc., 42 F.3d 568, 569 (9th Cir.1994) (citing Fed.R.App.P. 6(b)(2)(i); Fed.R.Bankr.P. 8015) (emphasis added). Here, M.C. Products had ten days after the district court entered its order to file a timely motion for rehearing. Fed.R.Bankr.P. 8015. The relevant dates are as follows:
 
 
 6
 8-11-93: The district court affirms the bankruptcy court's decision to deny the preliminary injunction.
 
 
 7
 8-23-93: Last day to file a motion for rehearing, which, if filed, would toll the 30 day time for filing an appeal.[1]
 
 
 8
 9-1-93: M.C. Products files its motion for rehearing.
 
 
 9
 9-10-93: Last day to file a notice of appeal in the absence of any tolling.
 
 
 10
 9-29-93: District court denies motion for rehearing as untimely and as lacking on the merits. M.C. Products files its notice of appeal.
 
 
 11
 Although M.C. Products did not file a timely motion for rehearing and did not file its notice of appeal until more than thirty days after the district court's entry of judgment, M.C. Products maintains that its notice of appeal is timely because it tried to file the motion for rehearing on August 23, 1993. According to M.C. Products, the clerk refused to accept the motion for filing because the proof of service was not signed by an attorney for M.C. Products, although the motion itself was signed. AT & T contends that neither the proof of service nor the motion was signed. Because the inadequacy of the proof of services is a sufficient ground for affirmance, we will assume that the motion's only deficiency was an unsigned certificate of service.
 
 
 12
 M.C. Products contends that the clerk erred in not filing the document because Fed.R.Civ.P. 5(e) provides that pleadings may not be rejected for filing because they are not presented in the form required by local rules. The district court, according to M.C. Products, therefore should have ordered the motion filed nunc pro tunc.
 
 
 13
 M.C. Products misunderstands the crucial issue. Although a defect in form under the local rules (e.g., wrong paper size, misplaced punch holes, etc.) is not jurisdictional, Smith v. Frank, 923 F.2d 139, 141-42 (9th Cir.1991), the requirement that the proof of service be signed is not a local rule of form. See Fed.R.Bankr.P. 8008(d). Under Rule 8008(d), the clerk may accept a motion for rehearing without proof of service, but acceptance is not required. Here the clerk rejected the motion, and that rejection was not undone by the district court.
 
 
 14
 At the time that the clerk rejected the motion for filing, there was ample time remaining for M.C. Products to file a notice of appeal to this court from the district court's order affirming the denial of the preliminary injunction. Instead of filing a timely notice of appeal, M.C. Products took its chances of convincing the district court to accept the filing of its motion for reconsideration nunc pro tunc, as of August 23, 1993. It failed, and consequently the motion for reconsideration was untimely. Because the motion did not extend the time for appeal of the order affirming denial of the injunction, that appeal is also untimely.
 
 
 15
 We accordingly dismiss for lack of jurisdiction the appeal from the district court's affirmance of the bankruptcy court's denial of the preliminary injunction. Cf. In re D.W.G.K., 42 F.3d at 569-70.
 
 
 16
 II. The Appeal From the Denial of the Motion for Rehearing
 
 
 17
 The notice of appeal is timely for the limited purpose of reviewing the order denying reconsideration. We review that order for an abuse of discretion. In re Anwiler, 958 F.2d 925, 929 (9th Cir.), cert. denied sub nom., Anwiler v. Patchett, 113 S.Ct. 236 (1992). The district court denied the motion for rehearing because it was not timely filed. We agree, and therefore we affirm the district court's denial of the motion for rehearing.
 
 
 18
 APPEAL DISMISSED IN PART, AFFIRMED IN PART.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior District Judge of the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Because the ten days expired on 8-21-83, which was a Saturday, M.C. Products had until the following Monday to file its motion