Lester J. BAKER, Plaintiff–Appellant,

v.

LA CUMBRE MANAGEMENT
COMPANY, INC.; et al.,
Defendants–Appellees.

No. 00–55061.
D.C. No. CV–99–05373–R.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 29, 2001.

Before PREGERSON, FERNANDEZ,
and WARDLAW, Circuit Judges.

MEMORANDUM **

Lester J. Baker appeals pro se the district court's order dismissing with prejudice his employment discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–1 to 2000e–17. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo. *Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.2000). We reverse and remand.

The district court concluded that Baker's complaint failed to state a claim for relief because he failed to file his complaint within 90 days of his receipt of the Notice of the Right to Sue, as required by 42 U.S.C. § 2000e–5(f)(1). However, prior to the expiration of the 90–day limitations period, Baker delivered his complaint and an application to proceed in forma pauperis ("IFP") to the district court clerk's office. The district court lodged Baker's complaint at the same time it accepted Baker's IFP application. After the district court denied leave to proceed IFP, Baker paid the filing fee, and the district court filed the previously lodged complaint.

A complaint is considered filed when it is placed in possession of the clerk of the court. *Cintron v. Union Pac. R.R. Co.*, 813 F.2d 917, 920 (9th Cir.1987). The filing fee prescribed by 28 U.S.C. § 1914 is not a jurisdictional requirement. *See id.* Thus, because Baker timely submitted his complaint, the district court erred by dis-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

missing on statute of limitation grounds. *See id.*

REVERSED and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.