GBJ, Ltd., Plaintiff,

v.

Melvin C. REDMAN, et al., Defendants.

No. CV07–1210–PHX–ROS.

United States District Court,
D. Arizona.

Aug. 24, 2007.

Gary Joseph Jaburg, Kraig J. Marton, Jaburg & Wilk PC, Phoenix, AZ, for Plaintiff.

Daniel Leonardo Miranda, Brown Lasiter & Killoughey PLC, Mesa, AZ, Terese M. Connerton, Ober Kaler Grimes & Shriver, Washington, DC, for Defendants.

## OPINION AND ORDER

ROSLYN O. SILVER, District Judge.

Pending before the Court is Plaintiff's Motion to Remand. (Doc. 7). For the reasons stated herein, this Motion will be denied.

## BACKGROUND

This case was filed in Maricopa County Superior Court on March 28, 2007, alleging violations of state law. (Doc. 1 at 1). After receiving a copy of the complaint on May 20, 2007, Defendants decided to seek removal of the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1446. *Id.* at 2–3. Diversity jurisdiction exists: Plaintiff GBJ, Ltd. is a resident of Arizona; Defendants are residents of Arkansas; and the amount in controversy exclusive of interest and costs exceeds the sum of $75,000. See 28 U.S.C. § 1332.

On June 19, 2007, the thirtieth day after service of the complaint, Defendants' counsel sent removal notices to the federal and state courts via a runner service, Hawkins and E–Z Messenger. (Doc. 10 at 2). The state court removal notice was filed that day. *Id.* When the runner, Russell Box, attempted to file the notice of removal at the federal courthouse, the clerk of court rejected the removal notice because it did not comply with the local rule requiring removal notices to be filed electronically. *Id.*

Local Rule of Civil Procedure 5.5(a) authorizes the Clerk of Court to develop, publish, and implement an administrative manual governing electronic case filing. This manual is available online on the Court's website at http://www.azd.uscourts.gov/azd/cm-ecf.nsf/files/$file/adm + manual.pdf ("Manual"). According to the Manual, notices of removal must be filed electronically. (Manual at 8).

The runner did not notify Defendants' counsel that removal notices were required to be filed electronically until the following day, June 20, 2007, on which Defendants' counsel promptly filed a notice of removal

electronically. (Doc. 10 at 2). The notice was, therefore, filed on the thirty-first day after service of the complaint. *Id.*

Pursuant to 28 U.S.C. § 1447, Plaintiff timely filed a motion to remand to state court on the grounds that Defendants filed their notice of removal beyond the thirty-day deadline imposed by 28 U.S.C. § 1446(b). (Doc. 7 at 1).

## ANALYSIS

Notice of removal is governed by 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant" of the complaint (emphasis added). Defendants concede that their notice of removal was one day late. They argue, however, that, because the thirty-day requirement is not jurisdictional, the Court has the discretionary authority to excuse Defendants from complying with the statutorily mandated deadline.

The Court need not address whether it has discretion to excuse the late filing because the removal notice was constructively filed within the required thirty days. The Ninth Circuit has held that "a complaint is filed when it is placed in the actual or constructive custody of the clerk of the court, despite any subsequent rejection by the clerk of the pleading for non-compliance with a provision of the local rules." *United States v. Dae Rim Fishery Co.*, 794 F.2d 1392, 1395 (9th Cir.1986); *see also Ordonez v. Johnson*, 254 F.3d 814, 816 (9th Cir.2001); *Smith v. Frank*, 923 F.2d 139, 142 (9th Cir.1991); *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 281 (9th Cir.1983).

In *Cintron v. Union Pac. R.R. Co.*, 813 F.2d 917 (9th Cir.1987), counsel mailed his complaint to the court for filing. *Id.* at 919. It reached the court within the statute of limitations, but the clerk of court rejected it because it did not comply with the locals rules or the filing fee statute, 28 U.S.C. § 1914. *Id.* By the time counsel received notice of the rejection, the statute of limitations had expired. *Id.* Counsel promptly re-filed the complaint. *Id.* The Ninth Circuit held that the complaint was constructively filed when it was delivered to the clerk of court, and thus within the statute of limitations, even though it was rejected for non-compliance with local rules and the filing-fee statute. *Id.* at 920–21.

The Court finds no reason to distinguish *Cintron* from the case here. First, while *Cintron* addressed the constructive-filing of a complaint rather than a removal notice, the Ninth Circuit has not drawn a distinction between complaints and other pleadings. As the *Cintron* court noted, "[t]he consensus is that *'papers and pleadings including the original complaint* are considered filed when they are placed in the possession of the clerk of the court.'" *Cintron*, 813 F.2d at 920 (quoting 4B C. Wright & A. Miller, Federal Practice and Procedure § 1153 (1969) (emphasis added)). To this end, the Ninth Circuit has not limited the constructive-filing doctrine to complaints, having applied it to appeal notices, *United States v. Preston*, 352 F.2d 352, 353 n. 1 (9th Cir.1965), and to objections to magistrate's finding of facts and conclusions of law, *Smith*, 923 F.2d at 141–42.

Second, the constructive-filing doctrine does not extend the deadline for filing, but rather treats as timely filed a document that otherwise would be barred by a filing deadline. Therefore, it is irrelevant whether the Court has the discretionary authority to extend the deadline for filing under Section 1446(b).

In this case, Defendants, through their agent, tried to file the removal notice with-

in Section 1446(b)'s deadline, but it was rejected for non-compliance with the local rule mandating electronic filing. If the Court did not apply the constructive-filing doctrine to removal notices, Defendants would be unable to fully pursue their rights not because of failure to comply with the removal statute, but because of non-compliance with a local rule. "Such an interpretation would give the local rule an impermissible jurisdictional character." *Smith*, 923 F.2d at 142.

By the time counsel received notice of the rejection, the deadline had passed. The removal notice was promptly re-filed. As in *Cintron*, the removal notice was constructively filed when it was delivered to the clerk of court despite its subsequent rejection for noncompliance with a local rule, and therefore was filed within the statutory deadline.

### *CONCLUSION*

Because Defendants' removal notice was constructively filed within the statutory deadline and it asserted a proper basis for removal, remand to state court is improper.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion to Remand (Doc. 7) is **DENIED**.