**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SAMUEL LOUIS FULLER, AKA Sam
Louis Fuller, AKA Samuel Fuller,

            Plaintiff-Appellant,

  v.

RYAN MEGHEAN, Peace Officer,
Phoenix Police,

            Defendant-Appellee.

No. 15-17004

D.C. No. 2:13-cv-01296-DLR

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted January 18, 2017**

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

    Samuel Louis Fuller, a former Arizona pretrial detainee, appeals pro se from

the district court's judgment in his 42 U.S.C. § 1983 action alleging various

constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *White v. Roper*, 901 F.2d 1501, 1503 (9th Cir. 1990) (summary judgment). We affirm.

The district court properly granted summary judgment on Fuller's excessive force claim because Fuller failed to raise a genuine dispute of material fact as to whether defendant's use of a spit mask was objectively unreasonable. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2470, 2473 (2015) (in determining whether use of force against pretrial detainee is objectively unreasonable, the court can consider "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting").

The district court properly dismissed Fuller's equal protection claim because Fuller failed to allege facts sufficient to show that he was treated differently from others similarly situated. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (elements of "class of one" equal protection claim).

The district court properly dismissed Fuller's claim alleging the defendant's

use of a spit mask to prevent Fuller from speaking violated his First Amendment rights because Fuller failed to allege facts sufficient to state a plausible First Amendment claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

We do not consider matters that are not "specifically and distinctly raised and argued in appellant's opening brief," and we do not consider matters raised for the first time on appeal. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Fuller's request that Judge Rayes be disqualified is denied. *See Cintron v. Union Pac. R.R. Co.*, 813 F.2d 917, 921 (9th Cir. 1987) (district court judge is appropriately disqualified when personal bias against a party or unusual circumstances exist).

Fuller's motion to transmit evidence, filed June 13, 2016, is denied.

Fuller's motion to expedite his appeal, filed January 20, 2017, is denied as moot.

**AFFIRMED.**