**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CYNTHIA WHEELER; CURTIS WHEELER,

              Plaintiffs-Appellants,

ROGER E. NAGHASH, counsel for plaintiffs,

              Appellant,

   v.

COUNTY OF ORANGE, a political subdivision of the State of California, ITS PUBLIC WORKS DIVISION, ITS CITATION PROCESSING CENTER; SHANE L. SILEBY, individually, and in his official capacity as Director, County of Orange-Public Works; SOCORRO VILLEGAS, individually, and in her official capacity as Officer; DOES, 1 Through 100, Inclusive,

              Defendants-Appellees.

No.   22-55662

D.C. No.
8:20-cv-01264-MCS-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 19, 2023[]
Pasadena, California

Before:  PAEZ and H.A. THOMAS, Circuit Judges, and R. COLLINS,[***] District Judge.

Plaintiffs Cynthia Wheeler and Curtis Wheeler ("the Wheelers") appeal the district court's decision to take Defendants County of Orange, Shane L. Sileby, and Socorro Villegas' (collectively, Defendants) motion to dismiss the Wheelers' First Amended Complaint (FAC) under submission without oral argument. They also appeal the district court's decision to dismiss some of their claims. The Wheelers' attorney, Roger E. Naghash, appeals the district court's decision to sanction him for failing to appear at the hearing for the motion. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review de novo a district court's order granting a motion to dismiss for failure to state a claim." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 (9th Cir. 2021) (citing *Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010)). We review for abuse of discretion the district court's decisions not to hold oral argument on Defendants' motion and to impose sanctions against Naghash. *See*

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

*Spradlin v. Lear Siegler Mgmt. Servs. Co., Inc.*, 926 F.2d 865, 867 (9th Cir. 1991) (reviewing for abuse of discretion the denial of a request for oral argument); *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1087 (9th Cir. 2021) (reviewing for abuse of discretion the imposition of sanctions).

1. The Wheelers argue that the district court violated their notice and due process rights by taking Defendants' motion under submission without oral argument. There is no constitutional due process right to oral argument on a motion, *Toquero v. I.N.S.*, 956 F.2d 193, 196 n.4 (9th Cir. 1992), and "[b]y rule or order, [a] court may provide for submitting and determining motions on briefs, without oral hearings." Fed. R. Civ. P. 78(b).

2. The Wheelers argue that their causes of action are not time-barred because Defendants' injuries against the Wheelers are "ongoing." Almost all of the allegations in the FAC relate to events that occurred more than six months before the Wheelers filed a written claim under Cal. Gov't Code Section 911.2 and Plaintiffs point to no well-pleaded factual allegations in the FAC showing an ongoing violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

3. Naghash violated the Central District of California's Local Rule 7-14, which states that "[c]ounsel for the moving party and the opposing party shall be

3

present on the hearing date." Sanctions may be imposed for violations of a district court's local rules, *Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991), and "we give great deference to a district court's interpretation of its own local rules." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1157 (9th Cir. 2018) (citing *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007)).

**AFFIRMED.**