64 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Constance MALMIN, Plaintiff-Appellant,
v.
Kay MANWEILER, Boise State Bar, Individuals: Does I - X,
Inclusive, Roes I - X, Inclusive Defendants-Appellees.
 No. 94-35521.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 20, 1995.*
Decided Aug. 15, 1995.
 
 1
 Before: NOONAN and HAWKINS, Circuit Judges, and LEW,** District Judge.
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 Appellant Constance Malmin appeals the district court's summary judgment ruling on her 42 U.S.C. Sec. 1983 action challenging a proposed Idaho Bar Association resolution which disfavored some types of attorney advertising. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. WE AFFIRM.
 
 ANALYSIS
 
 4
 I. Claims Arising from the Proposed Resolution
 
 A. Standard of Review
 
 5
 Questions of mootness are reviewed de novo. Friends of the Payette v. Horseshoe Bend Hydroelectric Co., 988 F.2d 989, 996 (9th Cir. 1993); Williams v. United States, 905 F.2d 308, 310 (9th Cir. 1990); Stop H-3 Ass'n v. Dole, 870 F.2d 1419, 1423 (9th Cir. 1989).
 
 B. Discussion
 
 6
 1. We Lack Jurisdiction to Address the Mootness Issue
 
 
 7
 On mootness grounds, the district court judge granted summary judgment on Malmin's claims concerning the proposed resolution. Appellee Manweiler contends that this court lacks jurisdiction to consider this mootness issue because Malmin failed to argue this issue in her appellate brief. Manweiler is correct; on two grounds, we lack jurisdiction to consider the mootness issue.
 
 
 8
 Claims not addressed in the appellant's brief are deemed abandoned. E.W. French & Sons, Inc. v. General Portland Inc., 885 F.2d 1392, 1395 (9th Cir. 1989); Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir. 1988).
 
 
 9
 Malmin failed to object to and thus waived her right to appeal the magistrate judge's mootness recommendation. Smith v. Frank, 923 F.2d 139, 141 (9th Cir. 1991). Failure to object to the magistrate's legal conclusions, coupled with tardiness in arguing the issue on the appellate level, similarly results in a waiver of appeal. Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991)
 
 
 10
 2. Even If Jurisdiction Existed, this Court Would Affirm
 
 
 11
 the District Court on the Merits
 
 
 12
 Even if we had jurisdiction to consider the mootness issue, we would affirm the district court. For federal courts to have jurisdiction, Article III of the U.S. Constitution requires the existence of an "actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S. Ct. 1660, 1665 (1983). A case is moot if the issues presented are no longer live, or if the parties lack a legally cognizable interest in the outcome. County of Los Angeles v. Davis, 440 U.S. 625, 632, 99 S. Ct. 1379, 1383 (1979). A plaintiff must show that he "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Lyons, 461 U.S. at 103, 103 S. Ct. at 1665 (internal quotations omitted). No exception to mootness applies.
 
 
 13
 Because we lack jurisdiction, we therefore let stand the district court's dismissal of Malmin's claims concerning the proposed resolution.[4]
 
 II. Defamation Claims
 A. Standard of Review
 
 14
 A grant of summary judgment is reviewed de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir. 1992); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir. 1987). The appellate court's review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir. 1989)
 
 B. Discussion
 
 15
 The second issue presented to this court is whether the district court erred in granting summary judgment on Malmin's claims for damage to her professional reputation.
 
 
 16
 Defamation by itself is not actionable under 42 U.S.C. Sec. 1983. Paul v. Davis, 424 U.S. 645, 700-02, 96 S. Ct. 1154, 1160-61 (1976). However, defamation plus injury to some other interest besides reputation does state a claim under Sec. 1983. Id. at 711, 96 S. Ct. 1165. Malmin appears to contend that this "reputation plus" test is met here because she was defamed and was deprived of some property interest without due process.[5] It is not clear what property interest she asserts. A litigant is required to expressly allege the loss of a "more tangible interest." Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir. 1986). Malmin fails to do this. Thus, she fails to state a claim under Sec. 1983. We therefore AFFIRM the district court's dismissal of this claim.
 
 III. Manweiler's Request for Attorneys' Fees
 
 17
 Pursuant to 42 U.S.C. Sec. 1988, Manweiler asks for attorneys' fees for defending on this appeal, on the grounds that the appeal is frivolous, unreasonable, and groundless. This court may award attorneys' fees under 42 U.S.C. Sec. 1988 to the prevailing party for fees on appeal. Chalmers v. City of L.A., 796 F.2d 1205, 1213 (9th Cir. 1986); Planned Parenthood v. State of Arizona, 789 F.2d 1348, 1354 (9th Cir. 1986). Attorneys' fees are available to prevailing defendants under 42 U.S.C. Sec. 1988 only if the court finds that the claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Hughes v. Rowe, 449 U.S. 5, 14, 101 S. Ct. 173, 178 (1980) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S. Ct. 694, 701 (1978) (unanimous; eight justices)). A court need not find a plaintiff's bad faith before awarding attorneys' fees to the defendant, although such a finding is "an even stronger basis for charging [the plaintiff] with the attorney's fees incurred by the defense." Christiansburg Garment Co., 434 U.S. at 422, 98 S. Ct. at 701.
 
 
 18
 This appeal represents one of the "exceptional circumstances" which warrants an award of attorneys' fees. Reasonable attorneys' fees should therefore be awarded to Manweiler for defending on this appeal.
 
 
 19
 Manweiler also seeks costs and attorneys' fees for preparing the Supplemental Excerpts of Record, pursuant to Ninth Circuit Rule 30-2(d). That rule authorizes monetary sanctions if materials required to be included in the excerpts of record are omitted. Her request is denied.
 
 CONCLUSION
 
 20
 The district court's grant of summary judgment is therefore AFFIRMED. Reasonable attorneys' fees for Manweiler's defense on appeal are GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument pursuant to Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit as provided by 9th Cir. R. 36-3
 
 
 [4]
 Malmin's opening brief contains a fragmentary discussion of the Dormant Commerce Clause. Malmin appears to contend that the Dormant Commerce Clause preempts the defeated resolution, on the theory that the defeated resolution would have impermissibly impacted interstate commerce. The district court did not expressly discuss this claim in its order. However, the district court did explicitly state that, because the proposed resolution had been defeated, there was no case or controversy and thus the district court lacked subject matter jurisdiction over claims relating to the resolution
 To the extent that Malmin raises her Dormant Commerce Clause claim on this appeal, the claim is moot and is affirmed on that ground.
 
 
 [5]
 To the extent that Malmin argues that the reputation plus test is met because she was defamed in conjunction with the violation of her First Amendment rights, that argument fails. As discussed above, Malmin has abandoned her First Amendment argument on appeal, so the district court's ruling that the issue is moot should stand